ESTHER P. CHELLSON v. STATE DIVISION OF EMPLOY-
MENT AND SECURITY AND ANOTHER.
PRUDENTIAL COMPANY OF MINNESOTA, APPELLANT.[1]

February 19, 1943.

No. 33,354.

[1]Reported in 8 N. W. (2d) 42.

*Charles St. Denis* and *Solomon Wasserman,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Kent C. van den Berg,* Assistant Attorney General, for respondents.

HILTON, JUSTICE.

This is an appeal from an order of the director of the division of employment and security, hereinafter called the division, determining certain total unemployment benefits available to Esther P. Chellson, the claimant, under the state employment and security act. Claimant filed her initial petition for benefits on September 25, 1941. Upon notification that her total available benefits allowed by the division were $196 and that her weekly benefit rate was $14, her employer, the appellant here, protested, alleging that claimant left her employment voluntarily and without good cause. Thereafter the benefit section of the division determined that claimant had left work voluntarily without good cause, disqualified her for seven weeks, and reduced her total available benefits by $98. Upon appeal, the appeal tribunal increased the disqualification to 14 weeks, with a corresponding reduction of total available benefits of $196. Claimant appealed to the director of the division, who modified the decision of the appeal tribunal by finding that claimant had been discharged for misconduct and disqualifying her for six weeks, with a consequent reduction in benefits of $84. The employer appeals from this decision.

Three questions are presented by this appeal: (1) Should the decision of the appeal tribunal or that of the director be considered in determining whether or not there is reasonable evidence to support the finding; (2) is there evidence reasonably tending to support the director's decision; and (3) did the director abuse his discretion in diminishing the amount of benefits available.

■ Appellant contends that under the employment and security act the director merely has the right to review the decisions of the appeal tribunal, and, further, that on appeal from the director's decision to this court we are required to determine whether the evidence reasonably supports the findings of the appeal tribunal

rather than the order of the director. In this appellant is in error.

Minn. St. 1941, § 268.10, subd. 3 (Mason St. 1941 Supp. § 4337-28, subd. C), providing for an appeal from the division to the appeal tribunal, states:

"* * * [the] appeal tribunal * * * shall *affirm, modify,* or *set aside* the initial determination. The parties shall be duly notified of such tribunal's decision, together with its reasons therefor, which shall be deemed to be the final decision of the director, unless within ten days after the date of notification or mailing of such decision, further appeal is initiated * * *." (Italics supplied.)

Subd. 5 of said section provides:

"Within 12 days after the rendition thereof [a decision by the appeal tribunal], the director may, on his own motion, *affirm, modify,* or *set aside* any decision of an appeal tribunal on the basis of the evidence previously submitted in such case, or direct the taking of additional evidence, or may permit any of the parties to such decision to initiate further appeals before it." (Italics supplied.)

Subd. 8 of said section provides:

"Any decision of the director in the absence of an appeal therefrom, as herein provided, shall become final ten days after the date of notification or mailing thereof, and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhausted his remedies before the director * * *."

Subd. 9 of said section provides:

"Within 20 days after the filing of any decision of the director or within ten days after any such decision has become final, any party aggrieved thereby may secure judicial review thereof by taking an appeal from such decision to the supreme court of the state in the same manner provided for the taking of appeals in civil cases."

Appellant contends that the language used in subd. 5, *supra*, providing for review by the director by which he may, on his own motion, "affirm, modify, or set' aside" any decision of the appeal tribunal, indicates that the director's scope is limited to that of review. It will be observed, however, that the same language is used in subd. 3 with respect to an appeal to the appeal tribunal. A consideration of these provisions clearly indicates that the legislature intended that the director should consider the evidence before him on the transcript thereof from the appeal tribunal, taking such additional testimony as he deems proper, and that, upon a consideration of the evidence in its entirety, he shall "affirm, modify, or set aside" the decision of the appeal tribunal. Similar procedure is prescribed under the workmen's compensation act, Minn. St. 1941, § 176.51 (Mason St. 1927, § 4310), and § 176.56 (*Id.* 1940 Supp. § 4315), on an appeal from a referee's decision to the industrial commission. We determine, therefore, that the test on this appeal is whether there is reasonable support in the evidence to sustain the decision of the director rather than the decision of the appeal tribunal. It has been held under statutes providing for a similar method of review that the final administrative authority has the power to review the evidence and make its own independent findings of fact and render a decision thereon, despite the fact that the findings contained in the prior administrative determination had support in the evidence. In Pocahontas Min. Co. v. Industrial Comm. 301 Ill. 462, 473, 134 N. E. 160, 164, the court, commenting on this procedure, said:

"The transcript of the record is to be reviewed by the commission, and the parties have the right to introduce further evidence, which, when taken and properly filed before the commission, must be also considered by it along with the evidence taken before the arbitrator. The jurisdiction of the commission to review the evidence before the arbitrator and to consider any further evidence properly presented to it is original jurisdiction as distinguished from appellate jurisdiction."

To the same effect is Margenovitch v. Newport Min. Co. 213 Mich. 272, 181 N. W. 994; Jarman v. Collins-Hill L. & C. Co. 226 Iowa 1247, 286 N. W. 526. The same rule applies to proceedings before the National Labor Relations Board. N. L. R. B. v. Elkland Leather Co. (3 Cir.) 114 F. (2d) 221, 225, *certiorari* denied, 311 U. S. 705, 61 S. Ct. 170, 85 L. ed. 457.

■ The second question is whether there is evidence reasonably tending to support the order of the director. Claimant was employed as a chambermaid in a hotel owned and operated by appellant. Numerous complaints were made about her work and conduct on the job. On several occasions she left her employment an hour or two early on Saturday afternoon without the knowledge or consent of her employer. Appellant was dissatisfied with her work and wanted to discharge her. On July 10, 1941, a summons was served on appellant garnishing the wages of claimant. Apparently this service was defective, and appellant did not believe it legally bound the wages of claimant. Using the garnishment as a threat, though believing it to be defective, appellant informed claimant that if she would leave her employment voluntarily she would receive her entire wages earned, despite the garnishment. She signed a statement to the effect that she voluntarily left appellant's employment. Under these circumstances, we feel that the director was amply justified in finding that the resignation was not voluntary but was obtained under a threat to withhold claimant's wages. We also find that there was reasonable support in the evidence for the finding that claimant was discharged for misconduct by leaving her place of employment two hours early without the consent or knowledge of her employer. Where there is any evidence reasonably tending to sustain the findings of the director they will not be disturbed on review. In reviewing an order or determination of an administrative board, the supreme court will go no further than to determine whether the evidence was such that the board might reasonably make the order or determination which it made. State ex rel. Rockwell v.

State Board of Education, 213 Minn. 184, 185, 196, 6 N. W. (2d) 251. 1 Dunnell, Dig. & Supp. § 397b, and cases cited.

■ Upon the evidence before him, the director disqualified claimant for six weeks. Under Minn. St. 1941, § 268.09(2), (Mason St. 1941 Supp. § 4337-27[2]), he had the discretion to disqualify her for not less than three nor more than 16 weeks. We find no abuse of discretion in this determination by the director, and his decision is affirmed.

Affirmed.

