CLARICE S. LEY v. MICHAEL J. DOHERTY AND OTHERS. STATE DEPARTMENT OF SOCIAL SECURITY, DIVISION OF EMPLOYMENT AND SECURITY, RESPONDENT.[1]

April 22, 1943.

No. 33,390.

[1]Reported in 9 N. W. (2d) 327.

*Doherty, Rumble, Butler, Sullivan & Mitchell, pro se.*

*J. A. A. Burnquist,* Attorney General, and *Kent C. van den Berg* and *Knute D. Stalland,* Assistant Attorneys General, for Division of Employment and Security, respondent.

HILTON, JUSTICE.

Claimant, employed for over nine years by appellants, was discharged on December 31, 1941. On January 5, 1942, she registered for employment and filed a claim for unemployment benefits with the division of employment and security. Appellants contested her right to any benefits, alleging that she had been discharged for misconduct in connection with her work and had failed to make a reasonable effort to find other employment. A hearing was held before the appeal tribunal, which found that claimant was not subject to disqualification. The deputy director affirmed the findings and decision of the appeal tribunal, and this appeal followed.

The Minnesota employment and security act, Minn. St. 1941, § 268.03 (Mason St. 1940 Supp. § 4337-21), provides for the setting aside of an unemployment fund for the benefit of persons "unemployed through no fault of their own." *Id.* § 268.09 (2), (Mason St. 1941 Supp. § 4337-27[2]), lists those who are disqualified for such benefits and includes any individual "discharged by any base-period employer for misconduct connected with his work." The evidence as to whether the claimant was guilty of misconduct in connection with her work was in direct conflict. The finding that she was not guilty of misconduct is supported by the evidence.

"Where there is any evidence reasonably tending to sustain the findings of the director they will not be disturbed on review. In reviewing an order or determination of an administrative board, the supreme court will go no further than to determine whether the evidence was such that the board might reasonably make the order or determination which it made." Chellson v. State Div.

of Employment and Security, 214 Minn. 332, 336, 8 N. W. (2d) 42, 45.

Appellants contend that claimant failed to make reasonable efforts to apply for suitable work as required by *Id.* § 268.09(4), (Mason St. 1941 Supp. § 4337-27[4]). No such action is required unless "so directed by the employment office or the director." Claimant's failure to take an offered position of one and one-half days' duration is fully explained. She obtained temporary work from an insurance company and a law office through her own efforts. The finding that she did not fail without good cause to accept available, suitable work finds support in the conflicting evidence, which was resolved in her favor.

There is reasonable support in the evidence to sustain the findings and decision of the appeal tribunal and the decision of the deputy director affirming the tribunal's decision.

Affirmed.

