PATRICK FITZPATRICK v. CITY OF SAINT PAUL.[1]

March 24, 1944.

No. 33,701.

[1]Reported in 13 N. W. (2d) 737.

*Harry W. Oehler,* Corporation Counsel, and *Francis M. Smith,* Assistant Corporation Counsel, for relator.

*Brenton A. McLeod* and *Bernice Callinan,* for respondent.

Youngdahl, Justice.

*Certiorari* brings to this court for review a decision of the industrial commission ordering the disbursement of accrued compensation to certain heirs of John Fitzpatrick, deceased employe of relator.

On March 10, 1942, a referee of the industrial commission awarded employe $4,125 for hospital and medical expenses incurred as a result of an injury sustained by him on December 24, 1929, while in relator's employment. While an appeal to the commission from this award was pending employe died, and the executrix of his estate was substituted as petitioner. The commission sustained the award and ordered it paid to the executrix. By *certiorari* we reviewed this decision of the commission in Fehland v. City of St. Paul, 215 Minn. 94, 104, 9 N. W. (2d) 349, 354. The award was sustained by this court, but we there held that it was not properly payable to the executrix, and remanded the matter to the industrial commission to "ascertain and determine who are the 'dependent persons' or 'legal heirs' of Mr. Fitzpatrick."

Pursuant to this court's mandate, the commission ordered the matter heard before a referee, who made findings determining that employe had no dependents and directing payment to certain of his heirs. On appeal, the commission affirmed the findings of the referee, and relator brings the matter here for review. No question is raised as to the amount of the award or that the individuals named were not the heirs of employe. Relator's sole contention is that the statute contemplates payment of accrued compensation to dependents only, and, in the absence of such, that no disbursement can legally be made.

■ Minn. St. 1941, § 176.11(f), (Mason St. 1927, § 4274[f]), upon which relator bases its claim that there was an improper distribution of the award, reads in part as follows:

"* * * accrued compensation due to the deceased prior to death, but not paid, shall be payable to such dependent persons or legal heirs as the industrial commission may order without probate administration."

In the Fehland case, 215 Minn. 103, 9 N. W. (2d) 354, this court held that "accrued compensation" was "sufficiently comprehensive to cover the claims for reimbursement here made."

■ The claim made in the instant case is that if there are no dependents the disbursement of accrued compensation is improper; that the word "heirs" as used in the statute does not constitute an additional class, absent any dependents, to whom accrued compensation can be paid. In support of its position, relator asserts that this court in its former opinion indicated that dependents alone were to receive accrued compensation upon the death of employe. Relator has misconstrued the former opinion. The issue before us now was not discussed in that case. Apart from the merits, the court was there considering only whether the fund should be paid to the representative of the estate or distributed by the commission without probate proceedings. In the concluding statement of the opinion the court clearly indicated the scope and effect thereof when it said (215 Minn. 104, 9 N. W. [2d] 354):

"The right of recovery as determined below is sustained, but the cause is remanded to the commission to ascertain and determine who are the 'dependent persons' or 'legal heirs' of Mr. Fitzpatrick."

There is no merit, in our opinion, in relator's position that, absent a showing of dependents, the fund should not be distributed to the "legal heirs" of the deceased employe. The statute provides in clear and unambiguous terms what the disposition of such funds shall be. If a statute is free from uncertainty there is no room for construction. Rice v. City of St. Paul, 208 Minn. 509, 295 N. W. 529; Martinka v. Hoffmann, 214 Minn. 346, 9 N. W. (2d) 13. The

compensation act as originally enacted did not include any provision for the distribution of compensation benefits accruing to the employe but unpaid at the time of his death. The act was amended by L. 1923, c. 300, § 3, so as to provide for payment of said benefits to "such dependent persons as the industrial commission may order without probate administration." Two years later, in 1925, it was again amended. Aware that there might be situations where accrued payments were owing an employe at the time of his death and no dependents survived him to receive the fund, the legislature by L. 1925, c. 161, § 2, added a class of recipients of such payments and designated them in the statute as "legal heirs." There is no other logical explanation of this amendment except that the legislature clearly intended that a deceased employe's heirs, in the absence of dependents, should receive accrued compensation. "It will be presumed that the legislature intended to make some change in the law by an amendment." 6 Dunnell, Dig. & Supp. § 8997; State ex rel. Maryland Cas. Co. v. District Court, 134 Minn. 131, 158 N. W. 798. By such an amendment, the legislature was not conferring probate jurisdiction on the commission. This could not be done without violating constitutional provisions. As Mr. Justice Olson aptly pointed out in the former opinion (215 Minn. 101, 9 N. W. [2d] 353):

"As far as original probate jurisdiction goes to determine heirship or who may be entitled to take as beneficiaries under a will, both the district court and the industrial commission are equally without constitutional power. Under Minn. Const. art. 6, § 7, that lies wholly with the probate court."

Rather, the legislature by such amendment provided for the distribution of accrued compensation, in the absence of dependents, to an additional class designated as "heirs," and that such distribution should be effectuated without probate administration. The act places accrued compensation in a different class from dependency allotments awarded when an employe's death arises out of and in the course of his employment. Such death benefits are payable only to dependents designated in the statute, while accrued

compensation is payable to dependents or heirs without probate administration. Fehland v. City of St. Paul, *supra;* Tierney v. Tierney & Co. 176 Minn. 464, 223 N. W. 773. The legislative mandate is clear.

"* * * Obviously, the determination of who shall take lies within the legislative field. From that source we are directed, specifically and unequivocally, to leave with the commission the distribution of the fund 'without probate administration.' This simply means that the compensation goes directly to those designated by the act." Fehland v. City of St. Paul, 215 Minn. 103, 9 N. W. (2d) 354, *supra.*

Relator relies upon cases from Michigan and Maryland in support of its position here. These cases are clearly distinguishable. The word "heirs" does not appear in either of the statutes under consideration in those cases. A wide disparity exists in the provisions of the workmen's compensation statutes in the various states, and a discussion thereof is neither helpful nor persuasive in construing our own compensation laws, unless it appears that the provisions of such statutes are the same or reasonably similar to our own.

Writ discharged.

Allowance of $100 for attorney's fees to respondent in this court.