Orville F. ZEPP, Relator,

v.

ARTHUR TREACHER FISH & CHIPS, INC., Respondent,

Department of Employment Services, Respondent.

No. 48475.

Supreme Court of Minnesota.

Nov. 9, 1978.

Robert W. Herr, White Bear Lake, for relator.

Gray, Plant, Mooty, Mooty & Bennett and W. Todd Haggart, Minneapolis, for Arthur Treachers.

Warren Spannaus, Atty. Gen., Richard B. Allyn, Sol. Gen., Peter C. Andrews, Asst. Atty. Gen., William G. Brown, Sp. Asst. Atty. Gen., St. Paul, for Dept. of Employment Services.

PER CURIAM.

Certiorari to review a decision of the commissioner of economic security holding that claimant was partially disqualified for unemployment benefits pursuant to Minn. St.1976, § 268.09, subd. 1(1), because he had discontinued his employment voluntarily and without good cause attributable to his employer. We reverse.

■ Employee admittedly resigned his position as superintendent of maintenance for the employer's restaurants in the Twin Cities area after holding it for two years. Thus, he had the burden of establishing that he discontinued his employment for good cause attributable to the employer. *Marz v. Department of Employment Services*, 256 N.W.2d 287 (Minn.1977). Our review of the evidence convinces us that he met that burden. The findings made by the appeal tribunal, and adopted by the commissioner, stated:

"(1) Claimant was employed as a superintendent of maintenance from January 13, 1975 to January 30, 1977. He was paid a salary of approximately $860 per month.

"(2) Claimant's duties involved responsibility and work in connection with the general maintenance of the employer's establishments. At first claimant serviced at least seven locations and when he left claimant was servicing at least 15 locations. Claimant's work hours increased and more than doubled when he quit. Claimant accepted this change and continued to work. As a result of the long hours, and what claimant felt was a lack of cooperation on the part of the employer, the claimant quit this employment, voluntarily, on January 30, 1977."

Since they have the requisite evidentiary support, the findings will not be disturbed. *Lumpkin v. North Central Airlines, Inc.*, 296 Minn. 456, 209 N.W.2d 397 (1973).

■ The appeal tribunal and commissioner drew the conclusion of law that employee's quitting was without good cause attributable to the employer, a conclusion which is not binding on this court if it does not have reasonable support in the findings. See, *Johnson v. Wilson & Co.*, 266 Minn. 500, 124 N.W.2d 496 (1963). We hold that the findings do not support that conclusion and instead support the contrary one that employee's quitting was with good cause attributable to the employer.

As the second finding quoted above recites, during his employment employee himself performed the work required for the general maintenance of all the employer's establishments. Both the number of those establishments and employee's work hours more than doubled during a two-year period, facts compelling the conclusion that the employer made unreasonable demands of employee that no one person could be expected to meet. The fact that employee, who was 57 years of age, tried to do so before he finally quit because of the excessive demands upon him suggests that he is unusually conscientious and industrious. He should not be penalized for those traits, nor should the employer be rewarded for its treatment of him, by holding that his quitting was without good cause attributable to the employer.

Reversed.