KAHNKE BROS., INC., Relator,

v.

Mark V. DARNALL and Commissioner of Economic Security, Respondents.

No. C8–83–1797.

Court of Appeals of Minnesota.

March 28, 1984.

Richard H. Speeter, Minneapolis, for relator.

Mark V. Darnall, pro se.

Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

POPOVICH, Chief Judge.

Respondent Mark Darnall terminated his employment with relator Kahnke Bros. on June 28, 1983 and reopened a claim for unemployment compensation benefits that he had filed with the Department of Economic Security prior to discontinuing his employment. A Department claims deputy determined that respondent voluntarily discontinued his employment with good cause attributable to his employer and was not disqualified from receiving benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (1983). The determination of the claims deputy was affirmed by a Department referee and the decision of the referee was upheld by a representative of the Commissioner. This court granted certiorari. We affirm.

## FACTS

Respondent was employed by Relator Kahkne Bros., Inc., from April 11, 1980 through June 28, 1983 as a maintenance crew foreman. Beginning on April 25, 1983, respondent received a series of 13

written warnings for absenteeism, tardiness, and several safety violations. Respondent's wages were docked for the last nine violations. Written warning number 12, dated June 24, 1983, cited respondent for negligently damaging a small engine belonging to his employer while he was attempting to fix the machine. The June 24, 1983 warning notice docked respondent's wages $71, the cost to repair the damaged engine. After the June 24, 1983 incident, respondent did not return to his employer's premises until the following Tuesday, June 28, 1983. On this date, respondent informed his employer that he was terminating his employment.

Upon his termination, respondent reopened a claim for unemployment compensation benefits effective January 16, 1983 that he had filed with the Department prior to discontinuing his employment with Kahnke Bros., Inc. A Department claims deputy determined that respondent voluntarily discontinued his employment with good cause attributable to his employer and, therefore, was not disqualified from receiving benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (1983). The determination of the claims deputy was affirmed by a Department referee. The decision of the referee was upheld by a representative of the Commissioner who ruled that relator acted contrary to Minn.Stat. § 181.79 (1982) when it docked respondent's wages for property damage without the employee's consent. This gave respondent good cause attributable to the employer to discontinue respondent's employment.

## ANALYSIS

On review of the decision of the Department the court's inquiry is restricted to "whether the evidence was such that the [Commissioner] might reasonably make the order or determination which it made." *Chellson v. State Division of Employment Security*, 214 Minn. 332, 336, 8 N.W.2d 42, 45 (1943). This standard was reiterated in *Reserve Mining Company, Babbitt Div. v. Gorecki*, 316 N.W.2d 547 (Minn.1982).

Unemployment compensation benefits can be denied to a worker who has terminated his employment voluntarily. *Marz v. Department of Employment Services*, 256 N.W.2d 287, 289 (Minn.1977).

Minn.Stat. § 268.09, subd. 1 (1982), provides, in pertinent part:

An individual separated from employment under clauses (1), (2) and (3) shall be disqualified from waiting week credit and benefits until four calendar weeks have elapsed following his separation and he has earned four times his weekly benefit amount in insured work.

(1) Voluntary Leave. The individual voluntarily and without good cause attributable to the employer discontinued his employment with such employer.

█ In resolving unemployment disputes the employer has the burden of proving disqualification of an otherwise eligible employee. *Marz, supra*. If the employer meets this burden, the employee must establish that he discontinued his employment for good cause attributable to the employer. *Zepp v. Arthur Treacher Fish & Chips, Inc.*, 272 N.W.2d 262 (Minn.1978).

In this matter, the Commissioner determined that relator employer did not show that respondent was disqualified from receiving unemployment compensation benefits and concluded that respondent employee discontinued his employment with good cause after his employer improperly deducted an amount for property loss from his wages.

Minn.Stat. § 181.79 provides:

No employer shall make any deduction from the wages due or earned by any employee, who is not an independent contractor, for lost or stolen property, damage to property, or to recover any other claimed indebtedness running from employee to employer, unless the employee, after the loss has occurred or the claimed indebtedness has arisen, voluntarily authorizes the employer in writing to make the deduction or unless the employee is held liable in a court of competent jurisdiction for the loss or indebtedness.

Such authorization shall not be admissible as evidence in any civil or criminal proceeding. Any authorization for a deduction shall set forth the amount to be deducted from the employee's wages during each pay period.

＊　　＊　　＊　　＊　　＊　　＊

Subdivision 2. An employer who violates the provisions of this section shall be liable in a civil action brought by the employee for twice the amount of the deduction or credit taken.

█ During the course of his employment, Respondent Darnall broke a piece of equipment that cost $71 for the employer to repair. Relator-employer provided Darnall with a form entitled, "Disciplinary Warning Notice, Action Taken and Damage Cost." The form indicated a monetary dock from Darnall's paycheck in the amount of $71. The form also stated, "I the below signed understand that the dollar amount or hour amount stated above will be taken out of my paycheck." Mark Darnall's signature appeared below.

Rather than agreeing to have his wages docked, as relator argues, by his signature respondent-employee only verified his knowledge of the employer's actions. The signed statement did not by its terms authorize the reduction in pay.

The Commissioner found, and we agree, that the employer violated the statute, and the Commissioner stated:

> An employer who violates a state law in its treatment of its employees is per se guilty of employer misconduct, and such breach of the employer-employee relationship furnishes the employee with the requisite good cause for quitting.

### DECISION

In this record, we find that there is sufficient and adequate evidence reasonably supporting the finding of the Commissioner's representative that respondent voluntarily quit with good cause attributable to the employer.

The decision of the representative of the Commissioner of Economic Security is hereby affirmed.

AFFIRMED.