Sara **FORSBERG**, Relator,

v.

**DEPTH OF FIELD/FABRICS,**
**Respondent,**

**Commissioner of Economic**
**Security, Respondent.**

**No. C7–83–1791.**

Court of Appeals of Minnesota.

April 24, 1984.

Corey L. Gordon, Minneapolis, for relator.

Glenn A. Folland, for respondent Depth of Field/Fabrics.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent Com'r of Economic Sec.

Considered and decided by the POPOVICH, C.J., and PARKER and WOZNIAK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Relator terminated her employment with respondent Depth of Field/Fabrics effective May 12, 1983. She applied for unemployment compensation benefits on May 29, 1983, and her claim was denied by a claims deputy. The Appeals Tribunal reversed the claims deputy's determination finding that relator terminated her employment with just cause attributable to the employer.

On employer's appeal, the Commissioner's representative amended the findings and decision of the Appeal Tribunal, reversing the finding of good cause attributable

to the employer. Relator then moved for reconsideration, which was denied. On November 14, 1983, this court granted certiorari. We affirm.

## FACTS

Relator was employed by respondent Depth of Field/Fabrics during two intervals over a three year period. She was first employed by respondent in February, 1980, as a salesperson, resigning in the fall of 1981. In 1982, she resumed her sales position. She was also assigned new duties including clerical work, purchasing responsibilities, and coordination of customer education programs. In September, 1982, relator was named head of a three-month mail order program. She received a salary increase with each change of duty. In January, 1983, the mail order program was unsuccessful and eliminated. Relator was advised to expand her education activities. Relator inquired about a raise but was given a vague reply.

On March 10, 1983, relator was informed that a store co-owner would return to work in approximately five weeks and would assume many existing clerical duties. Relator was advised that only part-time clerical work would be available. She would not accept part-time work. On April 18, relator was offered a full-time position comprised of office work, sales and customer instruction. Relator opposed the sales element and was prepared to reject the offer. She was offered a full-time position consisting of the same duties she performed prior to January. Relator submitted her resignation effective May 12, 1983.

## ISSUE

Whether the record supports the decision of the Commissioner of Economic Security that relator voluntarily discontinued her employment without good cause attributable to her employer and was therefore disqualified from receiving unemployment compensation benefits pursuant to Minn. Stat. § 268.09, subd. 1(1) (1982)?

## ANALYSIS

An individual is disqualified from receiving unemployment compensation benefits if employment is discontinued voluntarily and without good cause attributable to the employer. Minn.Stat. § 268.09, subd. 1 (1982). An employer is required to prove disqualification of an otherwise eligible employee. *Marz v. Department of Employment Services*, 256 N.W.2d 287, 289 (Minn.1977). To avoid disqualification from receiving unemployment compensation benefits, the employee who voluntarily quits bears the burden of establishing that employment was discontinued for good cause attributable to the employer. *Zepp v. Arthur Treacher Fish & Chips, Inc.*, 272 N.W.2d 262, 263 (Minn.1978).

The test for "good cause attributable to the employer" is "whether the employee's reason for quitting was compelling, whether it was real and not imaginary, substantial and not trifling, reasonable and not whimsical or capricious." *Ferguson v. Department of Employment Services*, 311 Minn. 34, 44, 247 N.W.2d 895, 900 (1976).

The Commissioner concluded that relator failed to show that she voluntarily discontinued her employment with good cause attributable to her employer and was, therefore, disqualified from receiving benefits. Disqualification disputes under Minn.Stat. § 268.09, subd. 1(1), are questions of law on which the court is free to exercise its independent judgment. *Smith v. Employers' Overload Co.*, 314 N.W.2d 220, 221 (Minn.1981).

The court's inquiry into the factual findings is whether the evidence is such that the Commissioner might reasonably make the determination made. *Reserve Mining Co. Babbit Div. v. Gorecki*, 316 N.W.2d 547, 549 (Minn.1982); *Chellson v. State, Div. of Employment and Security*, 214 Minn. 332, 336, 8 N.W.2d 42, 45 (1943).

Relator argues that she terminated her employment because of a real and reasonable fear for her job security because of allegedly frequent and arbitrary changes

of her job position. Although relator may have been concerned about the changes in her employment duties, they have not been shown to be arbitrary or capricious.

## DECISION

We affirm the decision of the Commissioner's representative and hold that relator voluntarily terminated her employment without good cause attributable to the employer. She is thus disqualified to receive unemployment compensation benefits under Minn.Stat. § 268.09, subd. 1(1) (1982).

Affirmed.