Gretta NELSON, Respondent,

v.

**BEMIDJI REGIONAL INTERDISTRICT COUNCIL, Relator,**

**Commissioner of Economic Security, Respondent.**

No. C2-84-1420.

Court of Appeals of Minnesota.

Dec. 11, 1984.

Carl C. Drahos, Bemidji, for respondent Nelson.

Ralph T. Smith, Bemidji, for Relator.

Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent Commissioner of Economic Sec.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Relator Bemidji Regional Interdistrict Council appeals the Commissioner of Economic Security's determination that respondent Gretta Nelson voluntarily discontinued her employment with good cause attributable to the employer. The Commissioner held Nelson was entitled to unemployment compensation benefits.

We affirm.

## FACTS

Respondent Nelson was employed by relator Bemidji Regional Interdistrict Council (BRIC) as a teacher's aide from September 1982 through February 27, 1984, when she resigned her employment.

In September 1983, respondent obtained permission from her employer to ride the school bus to and from work with handicapped students from her district. She was assigned no specific duties during the bus trip but soon began supervising the students. On October 3, 1983 respondent proposed BRIC compensate her, but BRIC rejected this proposal several times.

In December 1983, Nelson reported the bus driver appeared drowsy when driving. Although relator investigated and imposed remedial measures, respondent Nelson reported the problem continued.

On February 17, 1984, relator offered respondent the bus driver position. After driving the bus for four days, respondent notified relator she would no longer do so. Respondent was told the former bus driver would be retained. She then requested she not be required to ride the bus. Relator replied that riding the bus was now a condition of employment and respondent would be terminated if she did not ride the bus with the children.

Respondent terminated her employment effective February 27, 1984. She filed an initial claim for unemployment compensation benefits effective March 4, 1984. A claims deputy for the Department of Economic Security determined respondent voluntarily discontinued her employment without good cause attributable to her employer, and a department referee affirmed. The Commissioner's representative reversed the decision of the referee and concluded respondent voluntarily discontinued her employment with good cause attributable to her employer and was not disqualified from receiving unemployment benefits.

The Commissioner's representative found (1) the additional supervisory responsibilities connected with the school bus ride increased respondent's work hours by more than 16 percent, (2) relator BRIC refused to provide a commensurate increase in salary, and (3) this was sufficient justification for respondent to terminate employment.

## ISSUES

1. Was the employer denied due process because the Commissioner's decision reversing both the referee and claims deputy was based on a theory not raised by the employee?

2. Was the Commissioner's decision supported by the record?

## ANALYSIS

1. Relator BRIC first argues it was denied due process because the Commissioner's decision was based on a theory not argued before the claims deputy or referee. The Commissioner's representative determined the employer's requirement that respondent ride the bus and attend to the children on the bus constituted a 16 percent increase in the respondent's work hours without any increase in salary, which was a material breach of the employment agreement.

This finding was based on a legal theory not previously raised, and relator claims it was denied due process because it had no opportunity to reply to the theory. Relator

claims the Commissioner should have limited her review to whether the claims deputy and the referee were correct in concluding that respondent's allegations concerning the bus driver's drowsiness did not give her good cause to discontinue her employment.

■ Relator's argument that the Commissioner denied it due process is without merit. School districts, as governmental agencies, are not "persons" within the protection of the due process clause. *Village of Blaine v. Independent School District No. 12*, 272 Minn. 343, 350–51, 138 N.W.2d 32, 38 (1965).

■ The Commissioner is not bound by the determination of the claims deputy or referee. The Commissioner or an authorized representative may, upon review, "affirm, modify, or set aside any finding of fact or decision, or both, of the referee." Minn.Stat. § 268.10, subd. 5 (Supp.1983). Thus, the Commissioner may consider and weigh the evidence, apply the correct law and render a decision accordingly. *Lumpkin v. North Central Airlines, Inc.*, 296 Minn. 456, 462, 209 N.W.2d 397, 401 (1973); *Ramirez v. Metro Waste Control Commission*, 340 N.W.2d 355, 357 (Minn.Ct.App. 1983). The test on appeal is whether there is reasonable support in the evidence to sustain the decision of the Commissioner rather than the referee. *See Chellson v. State Division of Employment Security*, 214 Minn. 332, 335, 8 N.W.2d 42, 44 (1943).

■ The Commissioner is not restricted to the issues raised by the appealing party. If upon review of the record the Commissioner concludes the evidence leads to a result based upon a theory not raised by either party, the Commissioner may incorporate that theory in the decision.

Relator had notice that one of the reasons respondent discontinued her employment was the increased work hours without additional compensation. In the department's Report of Investigation on Benefits Rights, respondent noted the increase in job duties with no increase in pay. Relator responded specifically to the salary issue in the proceedings before the referee,

indicating respondent's work hours influenced her termination. Respondent referred to the wage-hour dispute and solicited testimony that the bus driver and her predecessor were compensated for their bus time. She explained to the referee the purpose of questioning relator concerning her alleged compensation was to support her claim that she quit her employment, in part, because of wage disputes.

■ If there is basis in the record supporting the Commissioner's decision, it must be affirmed by this court. *King v. Little Italy*, 341 N.W.2d 896, 899 (Minn.Ct. App.1984). The Commissioner's decision in this matter is supported by the record and remand is not warranted.

■ 2. Relator also attacks specific findings and conclusions of the Commissioner. Resolution of conflicting testimony lies with the Commissioner. This court will not question the Commissioner's determination of credibility. *Cary v. Custom Coach, Inc.*, 349 N.W.2d 331, 332 (Minn.Ct.App. 1984). The decision of the Commissioner was based on sufficient evidence submitted at the hearing.

## DECISION

Reviewing the findings in the light most favorable to the Commissioner's decision, we find evidence reasonably tending to sustain them. *See White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn. 1983). The Commissioner's decision is affirmed.

Affirmed.