**JOHNSON CARPET & COMMERCIAL SERVICES, Relator,**

v.

**Earl K. NETT, Department of Economic Security, Respondents.**

No. C2-84-1949.

Court of Appeals of Minnesota.

March 12, 1985.

Bruce M. Anderson, Duluth, for relator.

Martin A. Rieschl, Duluth, for Nett.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St.

Paul, for Department of Economic Security.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Relator Johnson Carpet & Commercial Services, Inc. appeals from the determination of the Commissioner of Economic Security that claimant Earl Nett voluntarily terminated his employment with good cause attributable to the employer and was not disqualified from the receipt of unemployment compensation benefits. We reverse.

## FACTS

Claimant Earl Nett was employed by relator Johnson Carpet & Commercial Services from December 1981 through March 15, 1984, as a ceramic tile manager. In 1983, Nett, who had become dissatisfied with his employer's payment scheme, sought a written employment agreement with his employer. In February 1984, Dale Johnson, owner of Johnson Carpet, presented Nett with a proposed employment agreement containing a noncompetition clause and told Nett that any written agreement must include the noncompetition clause. On March 12, 1984, respondent Nett submitted a letter to Johnson outlining alternative contract provisions and requested Johnson to respond to the alternative provisions on that day. Johnson did not respond and, on March 15, 1984, Nett tendered his resignation.

## ISSUE

Was Nett's voluntary resignation with good cause attributable to the employer to make Nett qualified for unemployment compensation benefits pursuant to Minn. Stat. § 268.09, subd. 1?

## ANALYSIS

In economic security cases, our scope of review is limited to determining whether there is evidence sufficient to sustain the findings of the Commissioner. *White v. Metropolitan Medical Center*, 332 N.W.2d 25 (Minn.1983). Because of this narrow standard of review, we are not privileged to weigh the evidence and make a determination as to where the preponderance of the evidence lies. *Nyberg v. R.N. Cardozo and Brother, Inc.*, 243 Minn. 361, 67 N.W.2d 821 (1954). However, the Commissioner's conclusions are not binding on this court if they are not reasonably supported by the findings. *Zepp v. Arthur Treacher Fish & Chips, Inc.*, 272 N.W.2d 262, 263 (Minn.1978).

There is no dispute that Nett voluntarily terminated his employment. The burden is on Nett to prove that he terminated with good cause attributable to the employer. *Zepp.*

Relator Nett has failed in his burden. The evidence shows that Nett had been employed for three years on an oral contract, that he was dissatisfied with his employment and was considering quitting, and that he unilaterally sought the written contract. There is no evidence in the record, however, that the written contract, with the noncompetition clause, was a requirement for continued employment. In fact, the record shows that Nett was never required by his employer to sign the contract and that the contract issue arose only because Nett requested it.

## DECISION

The determination of the Commissioner of Economic Security that respondent Nett was voluntarily discharged for good cause attributable to the employer is not supported by the evidence. There is nothing in the record to support respondent's claim that the employer required him to sign an employment contract containing a noncompetition clause and there is no other evidence of any good cause attributable to the employer so as to qualify Nett for unem-

ployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1.

Reversed.