**MORRISON COUNTY SOIL AND WATER CONSERVATION DISTRICT, Relator,**

v.

**James ARMSTRONG, Department of Jobs and Training, Respondents.**

No. C7–86–1000.

Court of Appeals of Minnesota.

Oct. 7, 1986.

John E. Valen, Morrison County Atty., Little Falls, for relator.

Stephen R. Van Drake, Van Drake & Van Drake, Ltd., Brainerd, for James Armstrong.

Hubert H. Humphrey, III, State Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Department of Jobs and Training.

Considered and decided by NIEREN-GARTEN, P.J., and WOZNIAK and SEDG-WICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

The employer appeals by writ of certiorari from a determination by the Commissioner's representative that the employee did not intentionally falsify his time sheets and should be awarded unemployment compensation benefits. We affirm.

## FACTS

Respondent James Armstrong worked for the Morrison County Soil and Water Conservation District for 12 years before his discharge December 19, 1985 for submitting false information on two of his time sheets.

On October 10, 1985 instead of reporting to work, Armstrong performed custom machine work for a contractor. On his time sheet for that week, Armstrong indicated that on October 10 he had worked eight hours and taken one hour of annual leave. (Armstrong generally worked nine hours per day, and took every other Friday off.) At the hearing, Armstrong admitted that he "just made an honest mistake." He also stated that he had taken an hour of leave on other days that same week to go duck hunting, and he had forgotten he had taken the whole day off on October 10.

On November 27, 1985 Armstrong worked until noon, and took the rest of the

day off as "comp" time, which he had earned earlier that month. However, when he filled in his time sheet, Armstrong did not mark the remainder of November 27 as comp time, but stated he worked his nine regular hours that day.

Armstrong testified that he believed comp time was only allowed unofficially, and that it was to be recorded as regular time. He said the office administrator told him she marked her comp time as regular time, so he did the same. The office administrator testified she had told Armstrong comp time would have to be unofficial. However, she also testified that Armstrong should have marked his comp time on his time sheets for the benefit of the supervisor.

A department referee concluded that because the time sheets in question were incorrect, Armstrong "wilfully submitted the time cards for the purpose of obtaining monies to which he was not entitled." The referee determined that Armstrong engaged in misconduct and was not entitled to receive unemployment compensation benefits. A Commissioner's representative reversed, determining that Armstrong had not been intentionally deceitful, and was entitled to receive unemployment compensation benefits.

## ISSUES

1. Does the record reasonably support the determination by the Commissioner's representative that Armstrong's errors on his time sheets were not intentional?

2. Should Armstrong be awarded his costs and legal fees incurred in responding to this appeal?

## ANALYSIS

### I.

An employee who is discharged for misconduct is not entitled to receive unemployment compensation benefits. Minn.Stat. § 268.09, subd. 1(2) (1984). The employer has the burden of establishing by a preponderance of the evidence that the employee was discharged for misconduct. *Lumpkin*

*v. North Central Airlines, Inc.*, 296 Minn. 456, 459–60, 209 N.W.2d 397, 400 (1973).

 This court's scope of review is limited. Where there is evidence in the record reasonably tending to sustain the Commissioner's findings, they will not be disturbed. *Chellson v. State Division of Employment and Security*, 214 Minn. 332, 336, 8 N.W.2d 42, 45 (1943). The findings of the Commissioner's representative, rather than those of the referee, must be reviewed by this court. *Winkler v. Park Refuse Service, Inc.*, 361 N.W.2d 120, 123 (Minn.Ct.App.1985).

 Upon previous occasions, this court has indicated that time card violations may constitute misconduct. *See McKee v. Cub Foods, Inc.*, 380 N.W.2d 233 (Minn.Ct.App. 1986); *Ruzynski v. Cub Foods, Inc.*, 378 N.W.2d 660 (Minn.Ct.App.1985). However, in both *McKee* and *Ruzynski*, the employees knowingly violated the employer's time card policies, while here, the Commissioner's representative determined that Armstrong's actions were not intentionally deceitful. That determination is supported by the record. Armstrong did testify that he unintentionally failed to record one day of leave and honestly believed he was supposed to record comp time as regular time. This court is not in a position to reweigh the evidence and, in effect, second-guess the Commissioner. *Nyberg v. R.N. Cardozo and Brother, Inc.*, 243 Minn. 361, 364, 67 N.W.2d 821, 823 (1954).

### II.

 Armstrong has requested that he be awarded costs and attorney's fees incurred to defend against this appeal. Under Minn. R.Civ.App.P. 139.01 and 139.02 (1984), the prevailing party is entitled to costs and disbursements. However, neither the rules nor the unemployment compensation statutes provide for an award of attorney's fees. We need not address the applicability of Minn.Stat. § 549.21 (1986) because there is no evidence of bad faith.

## DECISION

We affirm.