Lynn M. HEASER, Respondent,

v.

LERCH, BATES & ASSOCIATES INC., Relator,

Commissioner of Jobs and Training, Respondent.

No. C5–90–2618.

Court of Appeals of Minnesota.

April 16, 1991.

Carolyn Juliene Trevis, Kraus & Rollins, Minneapolis, for Lynn M. Heaser.

David Essling, St. Paul, for Lerch, Bates & Associates Inc.

Hubert H. Humphrey, III, Atty. Gen., James P. Barone, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs and Training.

Considered and decided by DAVIES, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Relator disputed the Commissioner's finding that respondent is qualified for unemployment compensation. We affirm.

## FACTS

Respondent Lynn Heaser began working as an administrative assistant for relator Lerch, Bates & Associates Inc. in September 1989. She quit her job on May 21, 1990, due to sexual harassment by her supervisor, Ronald (Ted) Smith.

The Lerch, Bates firm had its main office in Colorado. Its Minnesota office was staffed principally by regional supervisor Smith, a district manager, and respondent Heaser. Smith hired Heaser and was her supervisor. As regional manager of a six state area, he also had a higher position than the district manager in the same office.

The record shows a pattern of sexual harassment by supervisor Smith, ending in a kissing incident immediately before Heaser quit her job. Evidence shows that Heaser made it clear to Smith that she was not interested in sexual comments and discussions that had preceded the kissing incident.

Relator appeals singularly on the premise that Heaser had an obligation to report the harassment episodes to officials in the Colorado home office of the firm. No such reports were made, even though Heaser had occasional business contacts with the home office. When first employed, Heaser was told during a visit to the Colorado offices that the firm had an open door policy, and that problems could be brought to officials in Colorado if a supervisor failed to bring about a satisfactory solution.

Relator claims Heaser is disqualified from receiving unemployment compensation because she voluntarily quit without good cause attributable to her employer. The Commissioner disagreed, concluding that respondent quit due to harassment and that relator, through its supervisor, knew of the harassment and failed to correct the practice.

## ISSUE

Was respondent obligated to report harassment to an official other than her supervisor?

## ANALYSIS

■ An individual is not disqualified from receiving unemployment compensation benefits if the individual's separation from employment was with good cause attributable to the employer. Minn.Stat. § 268.09, subd. 1(a) (1990). The employee has the burden of proving good cause to quit. *Zepp v. Arthur Treacher Fish & Chips, Inc.,* 272 N.W.2d 262, 263 (Minn. 1978).

■ Under the statute, a separation is expressly declared for good cause if it oc-

curs due to sexual harassment. Minn.Stat. § 268.09, subd. 1(a). To constitute good cause under this statute, it must be shown that "the employer knows or should know of the existence of the harassment and fails to take timely and appropriate action." *Id.* On appeal, this court must review the decision of the Commissioner's representative, rather than that of the referee. *See Chellson v. State Division of Employment & Security,* 214 Minn. 332, 335, 8 N.W.2d 42, 44 (1943). The supreme court has employed the following standard of review in unemployment compensation cases:

> This court will review the commissioner's fact findings in the light most favorable to the decision below and will not disturb them if there is evidence reasonably tending to sustain those findings. * * * The commissioner's conclusions of law, however, do not similarly bind us.

*Ress v. Abbott Northwestern Hospital, Inc.,* 448 N.W.2d 519, 523 (Minn.1989) (citations omitted).

■ The Commissioner's representative determined that because Ted Smith was Heaser's supervisor and respondent's chief agent in the Minnesota office, Heaser was not required to complain further before quitting. We agree.

The Minnesota Supreme Court has determined that upon notice given to management personnel, the manager's knowledge is imputed to the employer. *McNabb v. Cub Foods,* 352 N.W.2d 378, 383 (Minn. 1984). Thus, where a manager commits sexual harassment, we have repeatedly held that the manager's knowledge is imputed to the employer. *Tru–Stone Corp. v. Gutzkow,* 400 N.W.2d 836, 839 (Minn. App.1987); *Clark v. K–Mart Store No. 3059,* 372 N.W.2d 847, 850 (Minn.App.1985);

*Porrazzo v. Nabisco, Inc.,* 360 N.W.2d 662, 664 (Minn.App.1985).

Relator contends additional notification must be given to a higher echelon of management where the record shows sufficient opportunity for the employee to seek relief in that fashion. We can imagine occasions where company policy arguably limits authority of a manager such that his errors must be reported to other company officials. *See, e.g., Meritor Savings Bank v. Vinson,* 477 U.S. 57, 70–73, 106 S.Ct. 2399, 2407–08, 91 L.Ed.2d 49 (1986) (discussing agency implications of express company policies against sexual harassment, together with use of a notice procedure specifically designed to deal with harassment claims). Here, however, respondent's supervisor had unlimited authority to act for the employer on harassment claims. He was, in fact, the designated agent of the employer to receive equal employment opportunity complaints. The supervisor's authority to deal with information on sexual harassment was not materially limited by a general open door policy welcoming a general variety of complaints to higher officials.

## DECISION

Evidence of record reasonably tends to sustain the Commissioner's determination that respondent quit her employment for good cause attributable to her employer.

Affirmed.