Ernest **TUFF**, Respondent,

v.

**KNITCRAFT CORP.**, Respondent,

**Commissioner of Economic Security, Petitioner, Relator.**

No. C8–94–564.

Supreme Court of Minnesota.

Jan. 6, 1995.

Kent E. Todd, Dept. of Economic Security, St. Paul, for relator.

Ernest Tuff, pro se.

## OPINION

GARDEBRING, Justice.

In this claim for unemployment compensation benefits, the referee authorized Ernest Tuff to receive benefits; she found that Tuff had requested a medical leave of absence and thought he had been granted that leave, and that his employer discharged Tuff because of a miscommunication as to the allowable time off. The commissioner's representative reversed the referee and concluded that Tuff had committed disqualifying misconduct by taking an extended leave of absence without notifying his employer. The court of appeals reversed, holding that the commissioner's representative was required to specify the reasons for rejecting the referee's findings of fact. We granted the commissioner's peti-

tion for further review for the sole purpose of clarifying the standard of review on certiorari to the court of appeals. We reverse.

The court of appeals, citing *Semanko v. Department of Employment Servs.*, 309 Minn. 425, 428, 244 N.W.2d 663, 665 (1976), acknowledged that its task on appeal is to review the findings of the commissioner or the commissioner's representative, not those of the referee, even though those findings might involve witness credibility. Nevertheless, it then imposed a burden on the commissioner's representative to demonstrate the basis for rejecting the referee's credibility determination. In addition, the court required the commissioner's representative on remand to address the applicability of the serious illness exception contained in Minn. Stat. § 268.09, subd. 1(c)(2) (Supp.1993)—an exception held applicable by the referee and rejected without explanation by the commissioner's representative. *Tuff v. Knitcraft Corp.*, 520 N.W.2d 483 (Minn.App.1994).

Minn.Stat. § 268.10, subd. 5 (1992) authorizes the commissioner or the commissioner's representative to "affirm, modify or set aside any finding of fact or decision, or both, of the referee on the basis of the evidence previously submitted * * *." Specifically, the commissioner is statutorily authorized to:

> [D]isregard the findings of fact of the referee and examine the testimony taken and make any findings of fact as the evidence taken before the referee may, in the judgment of the commissioner, require, and make any decision as the facts found by the commissioner require.

Minn.Stat. § 268.12, subd. 13(3) (1992). This court has long accorded particular deference to the commissioner rather than to the referee. In *Chellson v. Division of Employment and Sec.*, 214 Minn. 332, 8 N.W.2d 42 (1943), we held that the applicable standard of review is "whether there is reasonable support in the evidence to sustain the decision of the director [now commissioner] rather than the decision of the appeal tribunal [now referee]." 214 Minn. at 335, 8 N.W.2d at 44; *White v. Metropolitan Medical Ctr.*, 332 N.W.2d 25 (Minn.1983).

Because the decision of the court of appeals imposes a burden inconsistent with the statute and with our previous decisions, we reverse. We reinstate the decision of the commissioner's representative that relator Tuff was discharged from his employment for misconduct and that he is accordingly disqualified from the receipt of unemployment benefits. Minn.Stat. § 268.09, subd. 1(b) (1992). *Tilseth v. Midwest Lumber Co.,* 295 Minn. 372, 204 N.W.2d 644 (1973).

Reversed.