David R. POSCH, Relator,

v.

ST. OTTO'S HOME, Commissioner of
Economic Security, Respondents.

No. C9–96–2117.

Court of Appeals of Minnesota.

April 8, 1997.

Thomas F. Murtha IV, Certified Student
Attorney, supervised by Gregory K. Larson,
Little Falls, for Relator.

Kent E. Todd, St. Paul, for Respondent
Economic Security.

Considered and decided by CRIPPEN, P.J., and LANSING, and PETERSON, JJ.

## OPINION

CRIPPEN, Judge.

Relator David R. Posch, once a nurse employed by respondent St. Otto's Home, disputes an appellate finding that he committed a theft of drugs from a patient. There being no reasonable support in the record to support the finding, we reverse a determination of totally disqualifying gross misconduct and remand for consideration of an earlier determination that relator committed partially disqualifying misconduct by refusing to provide further comments on the theft accusation.

## FACTS

Relator worked for St. Otto's for eight years before his discharge in June 1996. In March 1996, a St. Otto's apartment resident complained that he was missing 40 of 120 pain relief pills that had been in a bottle in his apartment. Relator had come to the apartment a day earlier when the resident fell out of his bed. Relator called two other nurses to assist him in getting the patient back in his bed. He remained in the apartment after the other nurses left, and he returned later to pick up a stethoscope and blood pressure cuff he had left in the bathroom of the apartment.

When relator returned to the apartment for his equipment, the resident called him into his room. Relator responded, leaving the equipment at another spot in the apartment, near where the resident kept his medication. After going to the resident's room, relator left the apartment, once again forgetting his equipment.

Several days after the resident's report, the apartment manager and the director of nurses interviewed relator. During this interview, relator stated that he had not handled the bottle of pills while he was in the apartment. Relator was then instructed to make a written account of what occurred. He was also told that the police would be contacted if a reasonable explanation could not be found.

In relator's written statement, given the next day, he noted having handled the bottle of pills, but he denied removing any pills. He explained that he had forgotten this fact. The apartment manager and the director of nurses referred the matter to the police, and relator then retained the services of an attorney who told him not to answer any more questions as it would make matters worse.

Ten days later, relator was asked to return to St. Otto's to clarify the discrepancy between his oral and written statements. He withheld any further statement, and five days later he was fired.

St. Otto's disputed an initial determination that relator was qualified for reemployment benefits. At the subsequent hearing before a reemployment judge, the resident's statement about "missing" drugs was submitted by affidavit. Relator testified on his own behalf. The reemployment insurance judge found that a theft by relator had not been proven and that the resident's story "could just as easily be untrue as part of a scheme by the resident to obtain more drugs."[1] Although concluding that relator had committed no gross misconduct, the judge decided that relator had committed a partially disqualifying act of misconduct in refusing to give further testimony to his employer. See Minn.Stat. § 268.09, subd. 1(b) (1996) (providing at least four weeks of disqualification for misconduct that does not amount to gross misconduct). Relator appealed the misconduct decision to a Commissioner's representative, who found that relator had stolen drugs and was totally disqualified because of gross misconduct. See Minn.Stat. § 268.09, subd. 1(d) (1996) (defining gross misconduct and providing for imposition of total disqualification). The representative explained that the inconsistent reports about handling the

1. Prior to the request for review by this court, relator asked but was denied the opportunity to present newly discovered evidence to the Commissioner's representative, citing evidence that the resident involved in this case was addicted to the pain killer medication that he reported stolen, that he often ran out of the medication before the date for refilling his prescription, and that in September 1996, he made a false report that a bottle of the medication had been stolen during his discharge from another facility.

drug bottle made it "more likely than not" that relator took the drugs.

## ISSUES

Does the record permit a finding that relator stole drugs?

## ANALYSIS

█ We must sustain findings of the Commissioner's representative if there is evidence reasonably supporting them. *Tuff v. Knitcraft Corp.*, 526 N.W.2d 50, 51 (Minn. 1995). Under the statutory scheme for determining reemployment benefits, reviewed in *Tuff,* neither party is entitled to have the facts determined by the official who hears their testimony, and this is notwithstanding appearances to the participants that the hearing officer, a reemployment judge, is the finder of fact.

█ Relator does not dispute the need for deference to the Commissioner's representative as a finder of fact. Rather, he contends that the representative in this case has erred in determining a serious question by resting a finding on unreliable hearsay. Under the circumstances in this case, relator is entitled to relief.

The theft finding by the Commissioner's representative was accompanied by a finding that the St. Otto's apartment resident truthfully reported that someone took some of his drugs—that he "discovered" that 40 tablets were "missing." As discussed later, in the absence of the representative's acceptance of the resident's report as fact, the record does not include adequate evidence that relator stole drugs.

█ The finder of fact may consider hearsay evidence in a reemployment benefit dispute. *Holton v. Gnan Trucking, Inc.*, 379 N.W.2d 571, 574 (Minn.App.1985). But *Holton* is instructive on standards governing the use of hearsay evidence. The second-hand evidence in that case, customer complaints about an employee's behavior, were reasonably probative of the facts because they were uniquely reliable. Aside from the fact that each of three statements corroborated the others, each was itemized with specific detail. *Id.* More important for purposes of this case, "None of these customers had reason to fabricate complaints. None had reason to color their observations to worsen the facts." *Id.*

Deference to the hearsay evidence on a resident's complaint in this case is unwarranted. The subject of the statement permits no statement of detail. The resident simply casts blame on someone, clearly excluding himself, for taking some pain pills from a bottle in his apartment. And the statement is suspect on its face because of the evident reason why the reporter might fabricate his statement: if some of his drugs are thought to be stolen, he will be given a replacement supply. In the circumstances here, the statement can serve as a call for an investigation, but it will not serve as the basis for a conclusion. Deference to the integrity of the report is even more troublesome in light of the refusal of the Commissioner to hear newly discovered evidence on a later incident that involved almost identical circumstances and evidence that the resident fabricated a report of theft of the same drugs.

█ When finding that relator took drugs from a resident, the Commissioner's representative also relied on evidence (a) that relator was near the bottle of drugs, where he left some of his equipment, (b) that he initially reported, inconsistent with his later testimony, that he had not touched the drug container, and (c) that he refused to make a third report on the accusation, after the matter had been referred for police investigation and his attorney had counselled that he give no further statement. These facts show relator's opportunity for theft and may show some reason to doubt his credibility. But the record fails to show any motive of relator for theft, and there is no reliable evidence that relator or anyone else actually stole drugs from the St. Otto's resident. Absent this additional proof, respondent has failed in its burden to prove the occurrence of gross misconduct. *See Waara v. Mesabi Reg'l Med. Ctr.*, 415 N.W.2d 362, 363 (Minn.App.1987) (stating employer's burden of proof of gross misconduct).

## DECISION

The evidence in the case does not permit a finding of gross misconduct by relator. The Commissioner has not reviewed an alternative finding of the reemployment judge that relator committed simple misconduct by following the advice of his attorney to say no more in the face of a pending police investigation. We reverse the gross misconduct finding and remand for renewed attention to the appeal of the reemployment judge's finding of partially disqualifying misconduct.

**Reversed in part and remanded in part.**