Robert Alan **HIRT**, Relator,

v.

**LAKELAND BAKERIES,** Respondent,

and

**Commissioner of Economic Security,** Respondent.

No. C5–84–312.

Court of Appeals of Minnesota.

May 29, 1984.

Robert Alan Hirt, pro se.

Lakeland Bakeries, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

We granted certiorari to review a determination by the Commissioner's representative, affirming prior rulings by a referee and a claims deputy, that relator did not make a reasonable effort to retain his job and had voluntarily terminated his employment. The relator contends that he was ordered to return to a position for which he was physically unsuited. We affirm.

## FACTS

Robert Hirt worked full-time for Lakeland Bakeries. He was injured on September 28, 1982, and began collecting workers'

compensation. The workers' compensation insurer arranged an examination with Dr. Daniel Ahlberg. By letter on December 27, 1982, Dr. Ahlberg stated that Hirt "could perform whatever job duties he likes," including the job of "tray repairman." Lakeland Bakeries then wrote to Hirt that "they had decided to start [him] back at a lighter work position for a couple of weeks to make it easier on [him]." They told Hirt to report "to Bob Schmid in shipping at 8:00 a.m., Monday, January 10, 1983." Hirt submitted an excuse from his chiropractor, recommending that he not work from January 4 to January 11, 1983. On March 10, 1983 Lakeland again wrote to Hirt, noting that the "lighter work position" had been held open and ordering him to report for work on March 21, 1983. This letter further stated that failure to report would be considered a voluntary resignation. Hirt failed to report and Lakeland terminated him on March 23, 1983.

## ISSUE

Does the record support the Commissioner's determination that Hirt's refusal to return to work in the lighter duty position offered by his employer was a voluntary termination?

## ANALYSIS

Minn.Stat. § 268.09, subd. 1(2)(b) (1982), provides that an employee who voluntarily leaves his job is not disqualified from unemployment benefits if:

> [t]he individual is separated from employment due to his own serious illness provided that such individual has made reasonable efforts to retain his employment;
>
> \* \* \* \* \* \*

■ In determining what is a reasonable effort to retain employment, the Commissioner must determine what is reasonable for the particular employee under the circumstances of that case. *Moeller v. Minnesota Dep't of Transportation*, 281 N.W.2d 879 (Minn.1979). The findings of the Commissioner must be reviewed in the

light most favorable to the decision and are not to be disturbed if there is evidence reasonably tending to support them. *White v. Metropolitan Medical Center*, 332 N.W.2d 25 (Minn.1983).

Hirt testified that he had submitted weekly excuses from his chiropractor, he was never told what lighter duty position was being offered him, he had made frequent phone calls to the company apprising them of his condition, and he talked with an employee in the shipping department about the type of work which was available in that department after he was ordered to report there. In contrast, the record also shows that Dr. Ahlberg stated Hirt could work, no medical excuses were submitted from January 4 to March 21, 1983, and Hirt never asked for details about the lighter duty position. Hirt's chiropractor, Dr. Donald Gibson, testified that by late March 1983 Hirt was physically capable of performing light work involving the lifting of less than 20 pounds.

Lakeland created a light duty position specifically for Hirt. Hirt's argument that he was unaware of the existence of this position is untenable in the face of Lakeland's two letters offering him the job. It is undisputed that Hirt could have performed this light duty job involving the lifting of less than 20 pounds. Hirt's assertion that Lakeland was ordering him back to work in a position for which he was physically unsuited is not supported by the record.

### DECISION

The record amply supports the decision of the Commissioner that Hirt's separation was voluntary, without good cause attributable to his employer, and not excused by reasonable efforts to retain his employment.

Affirmed.