Scott HOGENSON, Relator,

v.

BRIAN KNOX BUILDERS, Commissioner of Economic Security, Respondents.

No. C9–84–1561.

Court of Appeals of Minnesota.

Jan. 22, 1985.

Scott Hogenson, pro se.

Brian Knox Builders, pro se.

Laura Mattson, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Economic Security.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Relator Scott W. Hogenson appeals from the determination of the Commissioner of Economic Security that he voluntarily discontinued his employment without good cause attributable to the employer and that he refused a suitable offer of reemployment. The Commissioner held that Hogenson was disqualified from the receipt of unemployment compensation benefits.

We affirm.

## FACTS

The facts in this matter are set forth in *Hogenson v. Brian Knox Builders*, 340 N.W.2d 360 (Minn.Ct.App.1983). Relator Hogenson was employed as a carpenter by respondent Brian Knox Builders from May, 1979 through May 4, 1983. After being at work in February of 1983 for one week following a three-month medical leave, relator requested a two-week absence to engage in moto-cross racing. Knox replied by giving relator a choice between working full-time or working part-time, on-call hours. Relator acquiesced in the part-time plan and, after a week in which he was not assigned any work, filed a claim for unemployment compensation benefits effective March 4, 1983. Relator was terminated from his position on March 14, 1983.

Relator's claim was heard through the Department of Economic Security appeal process. The Commissioner determined that relator voluntarily discontinued his employment without good cause attributable to the employer and was disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (1982). On review, this court stated that the Commissioner's conclusion did not have reasonable support in the findings and remanded the matter to the Commissioner. 340 N.W.2d at 362.

On remand, the Department considered two issues in separate proceedings. In the first series of proceedings, the Commissioner concluded that, by accepting part-time employment, relator voluntarily discontinued his employment without good cause attributable to the employer and was therefore disqualified from receiving benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (1982). Further, the Commissioner concluded that relator was involuntarily separated from his employment on March 14, 1983 for reasons other than misconduct. As a result of the second separation, the Commissioner ruled that relator qualified for benefits if and when relator cleared his prior disqualification.

In a second decision, the Commissioner noted that, in *Hogenson, supra,* the Court of Appeals found that "Knox has continued its offer of full-time employment up to and through the day of the hearings before the Appeal Tribunal." 340 N.W.2d at 363. The Commissioner then concluded that the relator failed, without good cause, to accept a suitable offer of reemployment and

was therefore disqualified from receiving benefits pursuant to Minn.Stat. § 268.09, subd. 2 (1982).

## ISSUES

1. On February 28, 1983, did relator voluntarily discontinue his employment without good cause attributable to his employer and was he, therefore, disqualified from receiving unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(1)?

2. Did relator fail, without good cause, to accept a suitable offer of reemployment from a base period employer and was he, therefore, disqualified from receiving benefits pursuant to Minn.Stat. § 268.09, subd. 2?

## ANALYSIS

### I.

*Voluntary termination*

■ The record supports the finding of the Commissioner that relator voluntarily terminated his employment by accepting part-time unscheduled hours. This finding is not disturbed on appeal. Relator is, therefore, disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(1).

### II.

*Issue of reemployment*

■ The Commissioner's determination that relator refused an offer of reemployment was consistent with our opinion in the earlier appeal. In our written opinion, we stated:

Under Minn.Stat. § 268.09, subd. 2 an individual is disqualified from receiving benefits if that individual fails to accept suitable reemployment offered by a base period employer. Knox has continued its offer of full-time employment up to and through the day of the hearing before the Appeals Tribunal. The question of whether this is a suitable offer is a factual determination for the Commissioner.

The Commissioner determined that the offer was for suitable reemployment, and the record supports this finding. Both relator and employer testified that the offer was made at the original hearing before the unemployment compensation referee. At the later hearing on the issue of reemployment, the employer stated that he had been willing to rehire relator at a full-time position and that he intended the offer to conform to the requirements of the statute.

This court's scope of review is narrow in economic security cases. We will not disturb the Commissioner's findings unless clearly erroneous and without support in the record. *White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983). Here we sustain the Commissioner.

## DECISION

The determination of the Commissioner of Economic Security that relator voluntarily terminated his employment without good cause attributable to the employer and that he refused a suitable offer of reemployment is supported by the record and is affirmed.

AFFIRMED.