**Fern IVERSON, Widow of Ira Murvil Iverson, Deceased Employee, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 547, et al., Respondents.**

**No. 47314.**

Supreme Court of Minnesota.

Aug. 19, 1977.

Thornton, Hegg & Reif, and Robert M. Hegg, Alexandria, for relator.

Swenson, Grover, Lervick & Syverson and John C. Lervick, Alexandria, for respondents.

**PER CURIAM.**

Certiorari to review an order of the Worker's Compensation Court of Appeals affirming a compensation judge's decision denying a widow's petition for an award. The determination is challenged by the widow upon the grounds that the decedent at the time of his death was an employee and not an independent contractor.

The death occurred when decedent was transporting handicapped children and adults in his own automobile pursuant to a contract with the school district.

The school district did not own school buses. They contracted with the Parker Prairie Bus Company for this service. The decedent contracted with the school district to transport in his own automobile a limited number of handicapped pupils to and from specific points of destination. The school district agreed to pay defendant a fixed sum negotiated on the basis of an agreed amount per mile for the total distance trav-

eled. The fixed sum of $3,488.40 for the school year was to be paid in nine equal monthly installments. In summary the decedent for a negotiated sum agreed to transport a given number of pupils over school bus routes for a specific period of time. Decedent was not personally obligated to drive, but was privileged to provide qualified drivers approved by the school board.

The decedent was killed while transporting handicapped pupils in his own automobile in a head-on collision with another automobile while enroute to one of the designated points. Conceding there is no conflict in the facts, the widow contends the decedent was an employee and not an independent contractor.

Briefly stated the guidelines for making this determination are: (1) The right of the employer to control the manner and means of performance of the work; (2) the mode of payment; (3) furnishing of material or tools; (4) control of the premises where the work is to be performed; and (5) right of discharge. *Wangen v. City of Fountain*, Minn., 255 N.W.2d 813 (1977).

### RIGHT OF CONTROL

Decedent contracted to furnish the equipment and to transport school pupils. The very nature of the work required some form of control by the school district. The contract required performance at certain times and fixed places. This detail is a part of what was contracted to be performed. The contract did not require decedent's personal services. A substitute driver, whom he compensated, at times drove decedent's automobile in carrying out the obligations under the contract. The limited nature of the control of the performance was not such as to control the acts of the decedent so as to support a finding of an employee-employer relationship.

### MODE OF PAYMENT

The compensation was determined on the basis of the distance traveled multiplied by the trips made. It was a determined sum for the period of the contract. The payment in equal monthly installments was primarily for the convenience of the parties. There was none of the usual withholding for taxes or provisions for fringe benefits such as medical insurance so typical of the employment relationship.

### FURNISHING OF TOOLS & MATERIALS

The decedent under the contract was required to supply the "transportation equipment." The operation of his vehicle placed on decedent the risk of mechanical expenses and operating costs which undoubtedly was considered in fixing the contract price.

### CONTROL OF THE PREMISES

There was no control of the premises by the school district as the contract was performed by the use of public highways.

### RIGHT OF DISCHARGE

There was no right of discharge without consideration of a claim of breach of contract.

The decision of the court of appeals that decedent was an independent contractor as a matter of law is supported by substantial undisputed evidence and is affirmed.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.