LeGRAND SUPPER CLUB, Relator,

v.

Lucille V. SELINE, et al., Respondents,

Commissioner of Economic
Security, Respondent.

No. C4–84–88.

Court of Appeals of Minnesota.

May 22, 1984.

Harper, Eaton, Peterson & Orman, Robert F. Eaton, Joseph V. Ferguson, III, Duluth, for relator.

Lucille V. Seline, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Special Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

We granted review of the determination of the Commissioner of Economic Security that respondents Lucille and Diane Seline were employees of relator and thus eligible for unemployment compensation upon their termination. We affirm.

## FACTS

Relator, LeGrand Supper Club, serves food and beverages to the general public. Its facilities are cleaned on a daily basis. In October of 1981, the Club accepted cleaning bids from independent contractors. Respondent Lucille Seline was engaged at that time. She performed cleaning services for relator from October, 1981 to January, 1983. Respondent Diane Seline shared the cleaning responsibilities from December, 1981 to January, 1983. Respondents were paid on a monthly basis by a single bi-weekly check that was divided between the two women. Most checks were payable to Lucille Seline, but one check was made payable to Diane. Respondents used cleaning supplies and equipment that were provided by relator. The management of relator withheld no taxes and issued no W–2 forms. It did issue 1099 forms to Lucille Seline for reporting payments made to non-employees.

After their termination with relator, respondents filed a claim for unemployment compensation benefits on January 2, 1983. A claims deputy determined that the cleaning services performed by respondents were not "insured work" and, pursuant to Minn.Stat. § 268.07, subd. 2 (1982), could not generate wage credits required for a valid benefit claim. This determination was reversed by a department referee who found that an employment relationship existed. The decision of the referee was affirmed by a representative of the Commissioner on November 2, 1983.

## ISSUE

Whether an employer-employee relationship existed between Lucille and Diane Se-

line and the LeGrand Supper Club as contemplated by Minn.Stat. § 268.04 (1982).

## ANALYSIS

This court's scope of review is limited. In an economic security case:

> The narrow standard of review requires that findings be reviewed in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed.

*White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983) (citing *Booher v. Transport Clearings of Twin Cities, Inc.,* 260 N.W.2d 181, 183 (Minn.1977)); *see also Group Health Plan, Inc. v. Lopez,* 341 N.W.2d 294, 296 (Minn.App.1984).

Unemployment compensation benefits paid to an individual pursuant to a valid claim are charged against the account of the employer when paid. Minn.Stat. § 268.06, subd. 5 (1982). Employer is defined as any employing unit. Minn.Stat. § 268.04, subd. 10(1) (1982). An employing unit is designated by Minn.Stat. § 268.04, subd. 9 (1982) as:

> ... any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor of any of the foregoing, or the legal representative of a deceased person, which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it.
> . . . .

*Id.*

Employment includes

> ... any services performed ... by an individual who is a servant under the law of master and servant or who performs services for any employing unit, unless such services are performed by an independent contractor.

Minn.Stat. § 268.04, subd. 12(1) (1982).

■ The determination of an employment relationship is a fact question. *Hammes v. Suk,* 291 Minn. 233, 237, 190

N.W.2d 478, 481 (1971). Relator claims that it awarded an independent contract to Lucille Seline who hired her daughter-in-law as an assistant. Lucille Seline denied she bid on relator's job. Diane Seline testified relator hired her on December 15, 1981 and denied she was under the supervision of Lucille Seline.

This conflicting testimony raised a fact question for the referee who determined that an employer-employee relationship existed. On appeal, the Commissioner affirmed, stating, "we do not feel that the employer has offered any persuasive reasons as to why the Referee's judgment should be disregarded."

■ The traditional factors determining whether an employment relationship exists are:

1.  The right of the employer to control the manner and means of performance of the work;
2.  The mode of payment;
3.  Furnishing of material or tools;
4.  Control of the premises where the work is to be performed; and
5.  Right of discharge.

*Iverson v. Independent School District No. 547,* 257 N.W.2d 572, 573 (Minn.1977); *Wangen v. City of Fountain,* 255 N.W.2d 813, 815 (Minn.1977); *Guhlke v. Roberts Truck Lines,* 268 Minn. 141, 143, 128 N.W.2d 324, 326 (1964).

In this case, the referee determined that respondents met the five-pronged test. We agree. Although there was no direct supervision of the cleaning activities or the actual number of hours worked by the women, the employer's control was manifested by notes and written comments by the management when the work was unsatisfactory or an extraordinary task was required.

■ The mode of payment was by check every two weeks, equally divided between the two women. Although most checks were made payable to Lucille Seline, one was made payable to Diane. Relator argues because no taxes were withheld it is

indicative that respondents were not employees. Lucille Seline testified, however, that she requested but did not receive W–2 forms. The fact that respondents' compensation was not reduced by tax withholdings or social security deductions is not conclusive evidence that an employment relationship did not exist between relator and respondents. *See generally Hammes*, 291 Minn. at 236, 191 N.W.2d at 481.

Although relator argues that the alleged "oral contract" did not obligate relator to provide materials or supplies, relator admitted that it supplied equipment and cleaning supplies used by respondents. Relator completely controlled the premises and retained the right of discharge which it exercised.

### DECISION

The record supports the decision of the Commissioner of Economic Security that an employment relationship existed between relator and the respondents.

Affirmed.