MARTIN HOMES,
INCORPORATED, Relator,

v.

Gordon A. BROWN, Jr., Respondent,

and

Commissioner of Economic
Security, Respondent.

No. C9–84–1558.

Court of Appeals of Minnesota.

Jan. 22, 1985.

David G. Martin, St. Paul, for relator.

Gordon A. Brown, Jr., respondent, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Asst. Atty. Gen., St. Paul, for respondent Com'r of Economic Sec.

Heard, considered and decided by POPO-VICH, C.J., and WOZNIAK and HUSPE-NI, JJ.

## OPINION

POPOVICH, Chief Judge.

Relator Martin Homes, Inc. appeals from the Commissioner of Economic Security's determination that the relationship between relator and respondent Gordon Brown was an employer-employee relationship.

We reverse.

## FACTS

Claimant-respondent was employed as a salesman of prefabricated homes from January 1979 to March 2, 1983, pursuant to an agreement which granted him the right to solicit orders for the sale of Martin Homes. The agreement provided (1) Brown "is not and shall not be an employee or agent of first party (Martin Homes) for any purposes whatsoever;" (2) Brown was solely liable for all expenses incurred by him in acting as an independent representative, including automobile costs, liability insur-

ance, workers' compensation and unemployment insurance; (3) payment was to be made by commission; (4) Brown was required to repay advances if he did not earn sufficient commissions to offset the amounts advanced; (5) Brown was to sell homes at prices and on terms determined by Martin Homes; (6) Martin Homes could not exercise control over the performance of services by sales representatives; and (7) each representative had "sole control over the manner and means of performing his obligations under this agreement."

According to testimony before the referee, sales representatives are unsupervised. They may hire employees to assist them, may advertise on their own and, if they get a lead from Martin Homes, may decide whether to follow it up. The only forms they are given by Martin Homes are purchase agreements, price lists and legal documents required under the Federal Truth-In-Lending Law.

Unlike other sales representatives, Brown was provided with office space in Martin Homes' offices. He was also, on occasion, required to be present at the sales offices.

Brown testified advances made during the last 41 months of his employment were not required to be repaid.

At a special meeting of the sales representatives on March 2, 1983, Robert S. Brin, Martin Homes Vice President, criticized the way claimant handled his sales responsibilities the preceding weekend. Claimant walked out of the meeting and resigned.

The department referee found an employer-employee relationship between Martin Homes and Brown and stated:

The written contract executed by the parties indicates the existence of an independent contractor relationship between them. However, the record shows that the claimant was required to work at the employer's office from time to time, giving the employer control of the premises where the claimant worked. The employer had the right to control and exercise that right when the employer's Vice President scolded the claimant with abusive and obscene language at a sales meeting on March 2, 1983 because of his method of handling his work responsibilities. The record also shows that the claimant was not required to reimburse the employer for any of the advances that he had received prior to his separation from employment.

The relationship between the claimant and the employer contains elements of both an employer-employee relationship and an independent contractor relationship, but on balance the referee concludes that the extent of control that the employer had the right to exercise over the claimant's work performance, the facts that the claimant performed services at the employer's premises, the continuing nature of the claimant's services, and the payment of draws against commissions without a requirement to refund any excess over commissions earned are sufficient to establish the claimant as an employee for unemployment compensation tax and benefits purposes.

On appeal, the Commissioner affirmed.

### ISSUE

Does the record support the Commissioner's findings of an employer-employee relationship?

### ANALYSIS

Minn.Stat. § 268.04, subd. 12(1) (Supp. 1983) defines employment and provides:

"Employment" means * * * any service performed * * * by an individual who is a servant under the law of master and servant or who performs services for any employing unit, unless such services are performed by an independent contractor.

*Id.*

The traditional factors determining whether an employment relationship exists are:

1. The right of the employer to control the manner and means of performance of the work;

2. The mode of payment;

3. Furnishing of material or tools;

4. Control of the premises where the work is to be performed; and

5. Right of discharge.

*LeGrand Supper Club v. Seline,* 348 N.W.2d 805, 807 (Minn.Ct.App.1984).

Applying these principles, the Commissioner affirmed the referee's findings and noted further that claimant testified he had been previously fired by the sales manager because of a "bad attitude." The Commissioner determined the facts combined to evince a right of the employer to direct and control the claimant's performance.

The record does not support the conclusion respondent Brown was an employee of relator Martin Homes.

 Although our scope of review of economic security cases is narrow, if the evidence does not sustain the findings, they will not be affirmed. *White v. Metropolitan Medical Center,* 332 N.W.2d 25, 26 (Minn.1983). Here, the finding Brown was an employee was, in effect, a conclusion of law and will not be affirmed if it does not have reasonable support in the findings. *Zepp v. Arthur Treacher Fish & Chips, Inc.,* 272 N.W.2d 262, 263 (Minn.1978).

 Under either standard, the determination by the Commissioner that Brown was an employee must be reversed. The evidence clearly shows Brown was employed as an independent contractor. Although Brown was provided with some office space and was required to be present from time to time, these elements did not change the relationship to one of employer-employee. On the whole, claimant Brown worked independent of any supervision or control by Martin Homes.

### DECISION

Claimant was an independent contractor and was not an employee. The Commissioner's finding of an employer-employee relationship is reversed.

Reversed.