**Leslie IKE, Appellant,**

v.

**Richard W. ANDERSON, Respondent.**

**No. C7–84–1929.**

Court of Appeals of Minnesota.

June 11, 1985.

Arnold E. Schribman, Minneapolis, for appellant.

Timothy H. Butler, Minneapolis, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Leslie Ike sues to recover a commission earned for obtaining a buyer for real estate owned by respondent Richard W. Anderson, Inc. The action was dismissed because Ike failed to plead or allege that he was a licensed real estate broker or sales person as required by Minn. Stat. § 82.33, subd. 1 (1982). Ike appeals from the judgment in favor of Anderson. We affirm.

## FACTS

Ike was a real estate broker in Scottsdale, Arizona for approximately 14 years. He occasionally possessed a broker's license in Minnesota, North Dakota and Arizona.

On October 1, 1979, Ike entered into a contractual arrangement with Anderson, whereby Ike agreed to sell or lease property owned by Anderson for a 3% commission on the gross sales price.

Ike contacted potential purchasers by form letter, registering his prospects through the use of a document entitled "Ike's Prospects" which was signed by Anderson so as to verify or reserve Ike's right to a commission.

Ike's arrangement with Anderson was ended in April 1980 when he was told to cease soliciting purchasers for the Northern Telecom Building. Anderson paid Ike a commission of $50,000 for his efforts in securing purchase of another building known as the Fabri-Tek building, although there is a dispute as to whether this was an earned commission or whether it was a payment to prevent Ike from interfering with a closing by Anderson.

Ike claims a 3% commission from the sale of the Northern Telecom building for $2,725,000.00. At the time of sale, Ike was not licensed as a real estate broker or salesperson in Minnesota as defined in Minn.Stat. § 82.17, subd. 4 (1982). The trial court dismissed Ike's action for failure to prove that he was a duly licensed real estate broker or salesperson at the time of the sale as required by Minn.Stat. § 82.33, subd. 1 (1982).

## ISSUE

Was Ike barred by section 82.33, subd. 1 from bringing an action for a real estate commission?

## ANALYSIS

■ It is not disputed that Ike negotiated the sale of the property in question and that he was not a licensed real estate broker or salesperson as defined in section 82.17, subd. 4. Chapter 82 precludes unlicensed individuals from bringing any civil action for real estate commissions:

> No person shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any of the acts for which a license is required under this chapter without alleging and proving that he was a duly licensed real estate broker or salesperson at the time the alleged cause of action arose.

Minn.Stat. § 82.33, subd. 1 (1982). This section is penal in nature and will defeat a claim for commissions if a plaintiff fails to allege and prove that they were duly licensed. *See Relocation Realty Services Corp. v. Carlson Companies, Inc.*, 264 N.W.2d 643, 645 (Minn.1978); *Albers v. Fitschen*, 274 Minn. 375, 376–77, 143 N.W.2d 841, 843 (1966).

Ike argues he came within the purview of the following statutory exception:

> Unless a person is licensed or otherwise required to be licensed under the chapter, the term real estate broker does not include:

> &ast; &ast; &ast; &ast; &ast; &ast;

> (i) Any person who acquires such real estate for the purpose of engaging in and does engage in, or who is engaged in the business of constructing residential, commercial or industrial buildings for the purpose of resale, provided that no more than 25 such transactions occur in any 12 month period and that the person complies with section 82.24 &ast; &ast; &ast;.

Minn.Stat. § 82.18(i) (1982). He argues that this exception applies to him as an employee of Anderson who, as a corporation, was a "person" excepted from the licensing requirement. *See* Minn.Stat. § 82.17, subd. 2 (1982).

■ The trial court's finding that Ike was not an employee of Anderson is supported by the record. An employment relationship depends upon the following factors:

1. The right of the employer to control the manner and means of performance of the work;

2. The mode of payment;

3. Furnishing of material or tools;

4. Control of the premises where the work is to be performed; and

5. Right of discharge.

*LeGrand Supper Club v. Seline,* 348 N.W.2d 805, 807 (Minn.Ct.App.1984).

■ The only control exercised by Anderson over Ike concerned which real estate Ike would attempt to sell for Anderson. Providing Ike with office space and requiring him to be present did not change the relationship to one of employer-employee. *See Martin Homes Inc. v. Brown,* 361 N.W.2d 100, 103 (Minn.Ct.App.1985). In *Martin* we held that an individual was employed as an independent contractor where he was paid by commission, was required to repay advances if he did not earn sufficient commissions to offset the amounts advanced, sold homes at present prices and conditions and had "sole control over the manner and means of performing his obligations * * *" under the agreement. *Id.* at 102–03.

Next, Ike was not paid a salary but was given a $750 a week advance from which taxes were not withheld, to be applied against commissions earned.

Lastly, in registering his prospects with Anderson to assure that any earned commissions would be protected Ike acted like a broker. Taking all these matters into consideration, the trial court was correct in finding no employer-employee relationship.

## DECISION

Ike did not qualify under the section 82.18(i) exception and was, therefore, required to prove he was a licensed real estate broker. The dismissal of his claim for real estate commissions earned is affirmed.

Affirmed.