Robert L. WISE, Relator,

v.

DENESEN INSULATION CO.,
Commissioner of Jobs and
Training, Respondents.

No. C5–86–24.

Court of Appeals of Minnesota.

May 27, 1986.

Robert L. Wise, pro se.

Edward M. Cohen, St. Louis Park, for Denesen Insulation Co.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs and Training.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., without oral argument.

## OPINION

RANDALL, Judge.

Relator, Robert Wise, requests review of a determination that he was an independent contractor for purposes of the unemployment compensation laws. We affirm.

## FACTS

Respondent Denesen Insulation Company (Denesen) is engaged in the business of selling and installing insulation materials. Denesen hires sales representatives, provides them with leads on prospective customers, and pays them on a commission basis. Relator began working for Denesen as a sales representative in July 1981.

Denesen sales representatives are not required to accept or handle any designated number of leads. The representatives may determine their own hours and are not required to report their schedules to Denesen. They are primarily responsible for their own expenses, use their own vehicles, and are free to work for other employers.

Although a few sales meetings were conducted during the course of relator's employment with Denesen, he was not otherwise required to report to Denesen's facilities. Relator set up his own appointments, but reported at least once a week to pick up his paycheck and reported at various other times, either in person or by telephone, to obtain leads.

In 1981 and 1982 relator filed for income tax purposes as a self-employed person. In 1983 he asked Denesen to withhold taxes from his paychecks because he had been experiencing problems with his taxes. In 1984, again at relator's request, Denesen ceased withholding taxes from relator's checks.

## ISSUES

1. Did the Commissioner's representative properly determine that relator was not an employee of Denesen for purposes of the unemployment compensation laws?

2. Does the record demonstrate that relator was treated differently than other Denesen sales representatives?

3. Was relator denied a fair opportunity to present his entire case to the referee?

## ANALYSIS

### I.

*Independent contractor or employee*

The scope of this court's review in cases of this nature is defined by the Administrative Procedures Act. Minn.Stat. § 268.12, subd. 13(4) (1984).

In a judicial review under sections 14.63 to 14.68, the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may

have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1984).

The question whether an employment relationship exists involves issues of both fact and law. The issue may turn on questions of fact disputed by the parties, as in *Hammes v. Suk*, 291 Minn. 233, 190 N.W.2d 478 (1971) and *LeGrand Supper Club v. Seline*, 348 N.W.2d 805 (Minn.Ct. App.1984). However, "[w]here the evidence is free from conflict as to the controlling facts, the question of whether a person is an employee becomes one of law." *Darvell v. Paul Laurence Co.*, 239 Minn. 55, 59, 57 N.W.2d 831, 834 (1953).

Minn.Stat. § 268.04, subd. 12(1) (1984) defines "employment:"

"Employment" means * * * any service performed * * * by an individual who is a servant under the law of master and servant or who performs services for any employing unit, *unless such services are performed by an independent contractor.*

(Emphasis added). The traditional factors determining whether an employment relationship exists are:

(1) The right to control the means and manner of performance; (2) the mode of payment; (3) the furnishing of material or tools; (4) the control of the premises where the work is done; and (5) the right of the employer to discharge.

*Speaks, Inc. v. Jensen*, 309 Minn. 48, 50, 243 N.W.2d 142, 144 (1976), quoting *Guhlke v. Roberts Truck Lines*, 268 Minn. 141, 143, 128 N.W.2d 324, 326 (1964). The most important factor is the right of con-

trol. *Speaks*, 309 Minn. at 51, 243 N.W.2d at 145. *Geerdes v. J.R. Watkins Co.*, 258 Minn. 254, 262, 103 N.W.2d 641, 646 (1960) established the following guidelines:

The distinction between an employee and an independent contractor may be said to consist largely in the difference between one who undertakes to achieve a given result under an arrangement with another who has authoritative control over the manner and means in which and by which the result shall be accomplished and one who agrees to achieve a given result but is not subject to the orders of another as to the method or means to be used.

### 1. *Parties' Understanding*

Relator claims that he considered himself an employee of Denesen. However, the supreme court has stated:

The nature of the relationship of the parties is to be determined from the consequences which the law attaches to their arrangements and conduct rather than the label they might place upon it.

*Speaks*, 309 Minn. at 51, 243 N.W.2d at 145.

### 2. *Absence of a Written Contract*

Relator notes that Denesen did not ask him to sign a contract defining his relationship as one of an independent contractor, as relator claims is customary. While the record indicates Denesen did not request relator to sign such an agreement, no evidence in the record supports relator's claim that sales representatives are generally requested to sign an agreement if they are to be considered independent contractors. Nothing in the transcript indicates that relator attempted to present this "fact" at the hearing before the referee. Therefore, this claim will not be considered upon appeal. *Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 583 (Minn.1977).

█ Even if properly before us, whether the parties have entered into a contract defining their relationship is not determinative. *See Speaks*, 309 Minn. at 49, 51, 243

N.W.2d at 143, 145; *LeGrand Supper Club*, 348 N.W.2d at 808.

### 3. *Materials and Tools*

■ A relevant factor as to whether an employment relationship exists is whether a purported employer furnished a worker with materials or tools. The Commissioner's representative found that Denesen sales representatives used their own vehicles for their work-related duties. During part of 1983 and 1984, Denesen did give Wise a modest sum per week for gasoline, but the record supports the determination that sales representatives supplied their own transportation.

Although the actual amount is disputed, the record does demonstrate that in part of 1983 and 1984 Denesen paid for some of relator's gasoline. Relator notes that Denesen provided its representatives with more than gasoline. Questionnaires answered by both relator and Denesen reveal that Denesen provided its sales representatives with office facilities, order blanks, price lists and business cards which had Denesen's name prominently displayed on the front. The Commissioner's representative failed to make any finding regarding these materials. The supreme court has recognized their importance. *Speaks*, 309 Minn. at 50, 243 N.W.2d at 144. However, the furnishing of business cards and other accouterments is not controlling.

In *Martin Homes Inc. v. Brown*, 361 N.W.2d 100 (Minn.Ct.App.1985), a salesman of prefabricated homes was furnished office space, purchase agreements, price lists and legal documents required by the Federal Truth in Lending Law. As here, the salesman was paid on a commission basis and could decide for himself whether or not to pursue leads offered him. He was also, upon occasion, required to be present at the sales offices. This court reversed the decision of the Commissioner's representative which found an employer-employee relationship present. The court stated that "[t]he evidence clearly shows [the sales representative] was employed as an independent contractor." *Id.* at 103. *Martin*

*Homes* tells us that even if Denesen provided relator with office space, order blanks, price lists and business cards, since Denesen did not maintain the right to direct and control relator's performance, there was not necessarily an employment relationship.

### 4. *Payment*

■ The fact that Denesen withheld taxes from relator's paychecks in 1983 does not demonstrate, as relator claims, that he was an employee of Denesen instead of an independent contractor. The withholding was instituted in 1983 and discontinued in 1984 upon relator's request, as an accommodation to him, demonstrating his, rather than Denesen's, control over mode of payment. In addition, this court has stated:

> The fact that respondents' compensation was not reduced by tax withholdings or social security deductions is not conclusive evidence that an employment relationship did not exist between relator and respondents.

*LeGrand Supper Club*, 348 N.W.2d at 808. Applying this same reasoning, tax and social security withholdings *alone* do not establish an employment relationship.

### 5. *Continuing Relationship*

Relator raises for the first time on appeal the claim that he had a continuing relationship with Denesen, which should weigh in favor of an employer-employee relationship. Minn.R. 3315.1000, subpt. 7 promulgated by the Department states:

> The existence of a continuing relationship between an individual and the person for whom he performs services is a factor tending to indicate the existence of an employer-employee relationship.

Relator's evidence of his continuing relationship consists of claims in his brief that as late as January 13, 1986, a former customer asked him to look at a problem, and that he would have done so if he had not had a conflict. He also notes that when former prospects call him now, he will sell the job to them.

Again this evidence is not in the record and will not be considered for the first time on appeal. *Plowman,* 261 N.W.2d at 581. This rule will be applied rigidly here since the events which allegedly demonstrate the continuing relationship occurred *after* the date of relator's hearing, and thus could not even have been considered below.

### 6. *Layoffs/Outside Employment*

The Commissioner's representative determined and the record demonstrates that relator was not restricted to working for Denesen. Rather, he was free to work for other employers if he wished. Relator appears to argue that because he did not in fact work anywhere else (other than at a flea market on weekends [1] and except for the times when he was laid-off from Denesen), he remained under Denesen's control and therefore should be considered Denesen's "employee." However, statements in relator's brief that he decided himself when he should "take" layoffs negates the control by Denesen which he alleges. Further, the issue is not whether relator chose to work for other employers, but whether Denesen had the right to restrict his employment. As in *Speaks,* the fact that sales representatives are free to work for other employers constitutes evidence of an independent contract relationship, rather than one of employer and employee.

### 7. *Errors in Referee's Findings*

Relator argues that the referee erroneously found the following facts:

(1) [Wise] was not required to attend meetings or submit reports other than his sales contracts.

(2) The sales representatives * * * were not provided with a mileage or any expense allowances.

(3) * * * The sales representatives were not required to check in by phone with the company * * *. The firm provided leads; however, the sales representatives were not required to accept any leads * * *.

As the Commissioner notes, this court is limited to reviewing the findings of the Commissioner's representative, rather than those of the referee. *Nelson v. Bemidji Regional Interdistrict Council,* 359 N.W.2d 38, 40 (Minn.Ct.App.1984) (citing *Chellson v. State Div. of Employment Security,* 214 Minn. 332, 335, 8 N.W.2d 42, 44 (1943)). Here, however, the Commissioner's representative made findings similar to those of the referee challenged by Wise:

(2) * * * The sales representatives were free to reject any offered lead * *. A few sales meetings were conducted during the course of [Wise's] services. The sales representatives were not required to report to [Denesen's] facilities.

(3) During part of 1983 and part of 1984 the claimant was given $10 per week for gas.

Although the $10 gasoline finding is disputed by relator who claims more, the record demonstrates that each appeal level recognized that relator did receive some gas mileage in 1983 and 1984, and properly considered this as part of relator's proof.

The record indicates that sales representatives were required to report to sales meetings. However, *Martin Homes,* 361 N.W.2d at 103, indicates that a sales representative may be required to be present at the office at times, and still be an independent contractor.

Relator also challenges the conclusion that sales representatives were free to reject leads. Neither relator nor Denesen testified specifically regarding this issue; however, another sales representative testified that representatives could accept or reject leads. This evidence supports the Commissioner's representative's finding.

The circumstances of relator's relationship with Denesen, when viewed as a whole, indicate that relator was an independent contractor, rather than an employee.

---

1. Wise's explanation of his activities at the flea market again raises facts which were not made a part of the record.

Denesen did not maintain the right to control relator's means or manner of performance. Relator retained control over his mode of payment. Relator was free to work for other employers and, except for a small gas stipend, was responsible for his own expenses and transportation. This record supports the determination by the Commissioner's representative that Wise was an independent contractor and that his remuneration therefore did not constitute "wages" for purposes of the unemployment compensation laws.

## II.

*Difference in treatment*

■ Relator claims that even if Denesen's sales representatives are generally considered independent contractors, his own relationship with Denesen was different. His argument that he was on the regular payroll in 1983 has been discussed above, as has his argument that he received a gasoline allowance. His additional claims were not raised below and will not be considered for the first time by this court. *Plowman,* 261 N.W.2d at 583.

## III.

*Fair hearing*

■ Relator listed his duties in an appendix to his brief, alleging that he was precluded from entering this evidence on the record because the tape ran out at his hearing.

The supreme court has indicated that although new evidence generally will not be considered on appeal, in economic security matters a referee should be careful to make an adequate record. *Plowman,* 261 N.W.2d at 584–85.

However, in this case relator was given the opportunity to explain his duties to the referee. At three points during the hearing, in response to the referee's questioning, relator testified that he did not have anything else to offer. The record reveals that relator was adequately allowed to present to the referee the duties which he believed were important.

■ Relator also claims that he was denied a fair chance to present his case because the hearing before the referee was "hurried" and because he was interrupted at several points by Denesen's attorney. His only evidence that the hearing was rushed consists of the fact that Denesen's attorney informed the referee that he had another hearing scheduled for later in the day. As noted above, relator stated three times that he had nothing more to offer. Therefore, even if the hearing could be characterized as "hurried," no material prejudice has been demonstrated.

## DECISION

Relator received a fair opportunity to present his evidence to the referee. Based upon the evidence, the Commissioner's representative properly determined that relator was an independent contractor, rather than an employer.

Affirmed.