**FLAMENT–HAMPSHIRE, INC., Relator,**

v.

**William SCHAEFER, Commissioner of Jobs and Training, Respondents.**

No. Cl–86–330.

Court of Appeals of Minnesota.

July 22, 1986.

**12**

Robert E. Mathias, Duluth, for Flament-Hampshire, Inc.

William Schaefer, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs and Training.

Considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Flament-Hampshire, Inc. appeals a decision of the Commissioner of Jobs and Training that respondent William Schaefer was its employee and thus eligible for unemployment compensation upon his termination. We affirm.

## FACTS

Relator is an acoustical tile contractor in Duluth, Minnesota. It engaged respondent William Schaefer as an acoustical tile installer on May 28, 1984. He performed these services for relator at various job sites until January 4, 1985.

Relator paid Schaefer weekly. Respondent testified he was paid union scale on an hourly basis. He reported his hours each Friday morning and was paid on Friday afternoon. Relator directed respondent to the building sites where his work took place. Although Schaefer supplied his own hand tools, relator supplied scaffolding and other materials. When Schaefer needed additional assistance, relator hired and paid an assistant. Schaefer's work was inspected by relator's supervisor. Relator paid no union dues or fringe benefits for Schaefer, nor were any taxes deducted from respondent's paychecks.

In November, 1984, relator asked Schaefer to sign a subcontractor agreement for each job. Schaefer testified relator said he could continue to work only if he signed these agreements. Schaefer signed most agreements only after having completed the jobs.

The record shows respondent worked on nine jobs for relator. Relator claims respondent bid a specified lump sum for each job. However, Schaefer denies submitting bids for any specific job or agreeing to a lump sum payment. Schaefer contends the weekly paychecks were based on the number of hours he worked each week with wages paid at union scale. Relator disagrees and claims the weekly checks were merely progress payments on each job.

After his termination on January 4, 1985, respondent filed a claim for unemployment compensation benefits. A claims deputy determined Schaefer's relationship with relator was as an independent contractor and the claim was invalid because he did not have sufficient wage credits in covered employment pursuant to Minn.Stat. § 268.07, subd. 2 (1984). This determination on appeal was reversed by a department referee who found an employer-employee relationship existed. The Commissioner's representative affirmed the referee's decision on January 28, 1986. This appeal followed.

## ISSUE

Does the record support findings that an employer-employee relationship existed?

## ANALYSIS

1. This court is empowered to review all questions of law and fact presented by the record of a proceeding where the Commissioner has ruled that the individual's services constitute employment. *See* Minn.Stat. § 268.12, subd. 13(4) (1984) which provides review is in accordance with Minn.Stat. ch. 14.

In a judicial review under sections 14.-63 to 14.68, the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

    (a) In violation of constitutional provisions; or

    (b) In excess of the statutory authority or jurisdiction of the agency; or

    (c) Made upon unlawful procedure; or

    (d) Affected by other error of law; or

    (e) Unsupported by substantial evidence in view of the entire record as submitted; or

    (f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1984); *see Hough Transit, Ltd. v. Harig*, 373 N.W.2d 327, 331 (Minn.Ct.App.1985).

    2. A determination of an employment relationship involves issues of both fact and law. "Where the evidence is free from conflict as to the controlling facts, the question of whether a person is an employee becomes one of law." *Darvell v. Paul A. Laurence Co.*, 239 Minn. 55, 59, 57 N.W.2d 831, 834 (1953). However, where the issue turns on disputed facts, the question of whether an employment relationship exists is a fact question. *LeGrand Supper Club v. Seline*, 348 N.W.2d 805, 807 (Minn. Ct.App.1984); *see also Wise v. Denesen Insulation Co.*, 387 N.W.2d 477 (Minn.Ct. App.1986).

Minn.Stat. § 268.04, subd. 12(1) (1984) defines employment as:

    [A]ny service performed * * * by an individual who is a servant under the law of master and servant or who performs services for any employing unit, unless such services are performed by an independent contractor.

*Id.*

    Relator labeled Schaefer an independent contractor and required him to sign subcontractor agreements. However, the label parties place on a relationship is not determinative of the true nature of the relationship. *See Speaks, Inc. v. Jensen*, 309 Minn. 48, 51, 243 N.W.2d 142, 145 (1976).

    Factors to be considered when determining an employment relationship are:

1. The right of the employer to control the manner and means of performance of the work;

2. the mode of payment;

3. furnishing of material or tools;

4. control of the premises where the work is to be performed; and

5. right of discharge.

*Iverson v. Independent School District No. 547*, 257 N.W.2d 572, 573 (Minn.1977).

    The most important factor in view of the nature of the work involved is the employer's right to control the means and manner of performance. *Guhlke v. Roberts Truck Lines*, 268 Minn. 141, 143, 128 N.W.2d 324, 326 (1964).

    Here, the referee and Commissioner's representative determined Schaefer met the five-part test for an employment relationship. We agree. Although there was no direct supervision of Schaefer's activities, he was directed to various job sites by relator and relator's supervisor regularly inspected his work. If Schaefer needed an assistant, relator hired one. At times relator would send Schaefer to a different job location before he completed his present assignment.

■ Schaefer reported his hours worked on Friday morning and picked up his paychecks in the afternoon. The paychecks were based on the hours Schaefer reported working that particular week times $14.65. Nonwithholding of taxes or social security deductions is not conclusive evidence of an independent contractor relationship. *LeGrand Supper Club*, 348 N.W.2d at 808.

Respondent testified he never bid on jobs but relator had him sign the subcontractor bid forms after each job was completed. Relator admitted Schaefer's lump sum bids were not in writing.

■ Relator urges us to find that the method of payment is the crucial factor of an independent contractor relationship. However, it is clear the right of control is the crucial determining factor. *Guhlke*, 268 Minn. at 143, 128 N.W.2d at 326. Even if reported hours did not total 40 hours each week or varied each week sheds no light on the question of an employer-employee relationship. No statute requires a person work 40 hours per week to be considered an employee.

Schaefer provided only small hand tools. Major tools, scaffolding and materials were supplied by relator. Neither Schaefer nor relator controlled the premises where the work was performed and the nature of the work required it take place away from relator's place of business.

Schaefer testified relator threatened to terminate him if he did not sign the independent contractor agreements. Since Schaefer did not sign the subcontractor agreements until each job's completion, relator had the right to discharge him without submitting itself to a breach of contract claim. *Cf. Iverson*, 257 N.W.2d at 573 (no right of discharge without consideration of a breach of contract claim).

## DECISION

The record supports the Commissioner of Jobs and Training's decision an employer-employee relationship existed between relator and respondent.

Affirmed.