Edna LEWIS, Relator,

v.

**COMMISSIONER OF JOBS AND TRAINING, Respondent.**

No. C4–88–195.

Court of Appeals of Minnesota.

June 28, 1988.

Luther M. Amundson, James M. Crist, Maser & Amundson, P.A., Minneapolis, for relator.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and NORTON and SCHULTZ *, JJ.

## OPINION

HAROLD W. SCHULTZ, Acting Judge.

Relator Edna Lewis seeks review of a determination that her home health aides are "employees" for unemployment compensation purposes. We affirm.

## FACTS

Edna Lewis is a 92–year-old stroke victim who resides in her own home and is the subject of a conservatorship ordered by the Hennepin County Probate Court.

Lewis requires 24–hour care, and the conservator engages the services of home health aides to provide for her needs. The aides are fully trained and are certified by Hennepin County. Lewis provides equipment and supplies necessary for the aides to perform their duties. The aides prepare meals, clean house, wash clothes, and perform personal services, including bathing Lewis and dispensing medications. The aides' responsibilities regarding Lewis' medical, bathing, and diet needs are determined by a registered nurse, and not the conservator. With regard to other tasks, such as cleaning and dishwashing, the aides do not have specific instructions, but determine their own methods and schedules.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

The aides decide themselves which days and hours they will work. Substitutes must be approved by the conservator, and are paid directly by the conservator. All of the aides are paid from Lewis' assets, and are paid by the day on a regular basis. FICA and state and federal taxes are withheld from their paychecks.

The aides may work for others, and both the aides and Lewis are free to end their relationship at any time.

The Department of Jobs and Training determined that Lewis was an employer of domestic employees, and assigned her a tax rate for unemployment compensation purposes. Lewis filed an appeal and, after conducting a hearing, a department referee agreed that she was an employer of domestic employees.

Lewis appealed to a Commissioner's representative, who affirmed the referee's determination that an employer-employee relationship existed between Lewis and the aides.

## ISSUES

1. Is Hennepin County the employing unit of the home health aides?

2. Are the home health aides employees, and not independent contractors, for unemployment compensation purposes?

## ANALYSIS

■ 1. Lewis argues that because the Hennepin County Probate Court approved the conservator, who hired the aides, the government should be considered the employing unit of the home health aides pursuant to the following statute:

> Any private or nonprofit organization or government agency providing or authorizing the hiring of home workers, personal care attendants, or other individuals performing similar services in the private home of an individual is the employing unit of the home worker, attendant or similar worker whether the agency pays the employee directly or provides funds to the recipient of the services to pay for the services.

Minn.Stat. § 268.04, subd. 9 (Supp.1987) ("homeworkers amendment").

We conclude the above statute is inapplicable to the facts of this case. First, the statute is directed at agencies that provide funds to pay homeworkers. Here, the funds are paid from Lewis' own resources, rather than by an agency.

In addition, the homeworker amendment uses the phrase "government agency." To include the Hennepin County Probate Court within the meaning of the term "government agency" would stretch that term beyond its intended bounds. *See* Minn.Stat. § 645.16 (1986); *Nordling v. Ford Motor Co.*, 231 Minn. 68, 77, 42 N.W. 2d 576, 582 (1950) (laws must be construed to give effect to the legislature's intent). In addition, Minn.Stat. § 14.02 defines "agency" as

> any state officer, board, commission, bureau, division, department, or tribunal, *other than a judicial branch court* * * * having a statewide jurisdiction and authorized by law to make rules or to adjudicate contested cases.

*Id.*, subd. 2 (1986) (emphasis added).

2. The Commissioner's representative determined that the home health aides were Lewis' employees, and not independent contractors.

The scope of this court's review in cases involving the question whether an employment relationship exists is defined by the Administrative Procedures Act ("APA"). Minn.Stat. § 268.12, subd. 13(4) (1986). We may affirm the department's decision, or remand the case for further proceedings, or reverse or modify the decision if substantial rights of relator have been prejudiced because the department's findings, inferences, conclusions, or decisions are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1986).

■ Whether a worker is an employee or an independent contractor involves issues of both fact and law. *Wise v. Denesen Insulation Co.*, 387 N.W.2d 477, 479 (Minn. Ct.App.1986). Here, the relevant facts are not disputed; therefore, the question whether Lewis' home health aides are employees or independent contractors is one of law. *Darvell v. Paul A. Laurence Co.*, 239 Minn. 55, 59, 57 N.W.2d 831, 834 (1953).

"Employment" for unemployment compensation purposes is defined as

(1) Any service performed * * * by;

* * * * * *

(c) any individual who is a servant under the law of master and servant or who performs services for any employing unit, unless such services are performed by an independent contractor.

Minn.Stat. § 268.04, subd. 12(1)(c) (Supp. 1987).

There are five additional factors to look at when determining whether an employment relationship exists:

(1) The right to control the means and manner of performance; (2) the mode of payment; (3) the furnishing of material or tools; (4) the control of the premises where the work is done; and (5) the right of the employer to discharge.

*Speaks, Inc. v. Jensen*, 309 Minn. 48, 50, 243 N.W.2d 142, 144 (1976) (quoting *Guhlke v. Roberts Truck Lines*, 268 Minn. 141, 143, 128 N.W.2d 324, 326 (1964)). The rules of the Department of Jobs and Training have expanded upon and explained these factors. *See generally* Minn.R. 3315.0700–3500 (1987). The most important factor is the right of control. *See Speaks*, 309 Minn. at 51, 243 N.W.2d at 145.

■ The Commissioner's determination that the home health aides are employees is supported by substantial evidence in the record. Taxes and social security are withheld from the aides' paychecks; substitute aides must be approved by the conservator and are paid directly by the conservator; Lewis provides the equipment and supplies necessary for the aides to perform their duties; and both parties may terminate the relationship at any time. *See* Minn.R. 3315.1000, subpts. 2, 6, 8, 12; Minn.R. 3315.1100, subpt. 5.

The following authority lends additional support to our conclusion that the home health aides are employees:

"Employment" means:

* * * * * *

(14) Domestic service in a private home * * * performed for a person who paid wages * * * to individuals employed in domestic service.

"Domestic service" includes all service for an individual in the operation and maintenance of a private household * * * as distinguished from service as an employee in the pursuit of an employer's trade, occupation, profession, enterprise, or vocation.

Minn.Stat. § 268.04, subd. 12(14) (Supp. 1987).

Nurses aides and patient helpers who are engaged to perform services in the private home of the patient, although they may occasionally administer medication, are usually performing services that are primarily domestic in nature. Patient helpers who are selected by patients who require their services, either in the hospital or after returning to their homes, are generally in the employ of the patient.

Minn.R. 3315.3400, subpt. 9 (1987).

## DECISION

Lewis' home health aides are employees, and not independent contractors, for unemployment compensation purposes.

Affirmed.