**MOORE ASSOCIATES, LLC, Relator,**

v.

**COMMISSIONER OF ECONOMIC SECURITY, Respondent.**

No. CX–95–2178.

Court of Appeals of Minnesota.

March 26, 1996.

---

Steven B. Kutscheid, Hall & Byers, P.A., St. Cloud, for Relator.

Kent E. Todd, Minn. Dept. of Economic Security, St. Paul, for Respondent.

Considered and decided by TOUSSAINT, C.J., and PARKER and DAVIES, JJ.

**1.** Irene Moore owned 26 percent, George Moore Sr. owned 26 percent, George Moore Jr. owned

## OPINION

PARKER, Judge.

Relator Moore Associates, L.L.C., argues that the record lacks substantial evidence to support the conclusion by the representative of the Commissioner of Jobs and Training that an employment relationship, rather than independent contractor status, existed between relator and three former real property appraisers. We affirm.

## FACTS

Moore Associates is a duly organized, family-owned, limited liability company engaged in the business of residential real estate brokerage and residential real estate appraisals.[1] Among the principals of the company, Irene Moore, the only certified federal appraiser, is responsible for managing the day-to-day operations of the business, as well as review and quality control of the appraisals.

In October 1993, Moore Associates hired Tim Janey, Anthony Sobania, and Kevin Kruchten to perform residential real estate appraisals. Janey, Sobania, and Kruchten were all Level-1, registered real property appraisers working toward licensed/certified appraiser status. Under licensing law, registered real property appraisers were required to complete two years of appraisal experience and were able to appraise only non-complex residential real property or agricultural property not requiring a net income capitalization analysis. *See* Minn.Stat. §§ 82B.11; 82B.14(a). Furthermore, under federal law, the registered real property appraisers who were not certified or licensed were not authorized to make federal appraisals unless under the direct supervision of a certified appraiser. 12 U.S.C. § 3351(e)(1) (1994).

The three registered appraisers performed real property appraisals for Moore Associates client accounts, including lending institutions. Many of the client accounts required the three appraisers to complete real property appraisals for the Federal National Mortgage Association (Fannie Mae) and the Fed-

24 percent, and Roy Sperr owned 24 percent.

eral Home Loan Mortgage Corporation (Freddie Mac).

In January 1994, federal regulations went into effect which added a signatory line designated "supervisory appraiser" to all Fannie Mae and Freddie Mac appraisal forms. Under the regulatory guidelines, a signature as "supervisory appraiser" was to certify that (1) the supervisor directly supervised the appraiser who prepared the appraisal report; (2) the supervisor had reviewed the report; (3) the supervisor agreed with the statements and conclusions of the appraiser and the report; (4) the supervisor agreed to be bound by the appraiser's certification; and (5) the supervisor took full responsibility for the appraisal and the report.[2] Janey, Sobania, and Kruchten were not authorized to do Fannie Mae or Freddie Mac appraisals independently.

Although the three appraisers worked largely in the field and on an independent basis, the Commissioner's representative found that under the license law their work had to be reviewed by a certified appraiser. The representative also found that by law the three registered appraisers were not authorized to complete federal appraisals unless under the direct supervision of a certified appraiser. Among the numerous findings made, the Commissioner's representative noted that the appraisers did not have a substantial investment in their tools and equipment; two of the appraisers did not perform work for other companies; they did not hold themselves out as being in the appraisal business; and Moore Associates retained the right to discharge without incurring any liability.

On review of the evidence presented, the Commissioner's representative found that Moore Associates had the right to control the means and manner of the three appraisers' performance and, on occasion, exercised that right. Focusing on the statutory requirements for federal appraisals, the Commissioner's representative concluded that an employment relationship existed between Moore

Associates and the registered real property appraisers.

Based on the record, the Commissioner's representative affirmed the determination of the reemployment judge. By writ of certiorari, Moore Associates appealed.

## ISSUE

Does substantial evidence support the decision of the Commissioner's representative that an employment relationship existed between Moore Associates and the three registered real property appraisers?

## DISCUSSION

### Standard of Review

■ On review, the court may reverse the Commissioner's decision if substantial rights of the relator were prejudiced because the administrative findings or conclusions were in excess of the agency's authority or jurisdiction, were in violation of constitutional provisions, were made upon unlawful procedure, were affected by other error of law, were arbitrary or capricious, or if the decision is unsupported by substantial evidence.

*Boily v. Commissioner of Economic Sec.*, 532 N.W.2d 607, 608 (Minn.App.1995), *affirmed* (Minn. Mar. 8, 1996).

■ Substantial evidence is

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, or more than a scintilla of evidence.

*M.T. Properties, Inc. v. Alexander*, 433 N.W.2d 886, 893 (Minn.App.1988), *review denied* (Minn. Feb. 22, 1989).

■ 1. Moore Associates argues that the parties intended an independent contractor relationship and executed an agreement to that effect. Moore Associates contends that the appraisers worked independently, thereby controlling the nature and quality of their

---

**2.** *See* "The Appraiser's Certification," Uniform Residential Appraisal Report, Fannie Mae 1004B/Freddie Mac 439, 6–93, p. 2. We note that both parties make reference to the affirmations to which the supervisor attests upon signing the appraisal form. The parties have failed to cite us to the regulation from which these requirements were derived. Because the requirements are not in issue, we do not dispute the validity of their content.

own services, including the manner and means in which they performed the appraisals. Moore Associates argues that it was interested only in the end product of the appraisers' work, which Irene Moore reviewed only to check for "clerical errors."

Moore Associates also claims that although Irene Moore signed the federal appraisal forms as "supervisory appraiser," she did not actually perform the duties specified by the certification on the federal form. Moore Associates contends that by industry standards, the supervisory signature is a "formality" and does not mean that the supervisor exercised control óver the work performed.

■ Whether an individual is an employee or an independent contractor is a mixed question of law and fact. *Lakeland Tool & Eng'g, Inc. v. Engle,* 450 N.W.2d 349, 352 (Minn.App.1990); *see also Beaver Creek Mut. Ins. Co. v. Commissioner of Jobs & Training,* 463 N.W.2d 535, 538 (Minn.App.1990). After the controlling facts have been determined, the question becomes one of law. *Lakeland Tool,* 450 N.W.2d at 352.

■ The labels that the parties give themselves is not determinative; the relationship is determined by the law, not the parties. *Id.* While the totality of circumstances should be considered, the most important factors are the right to control the manner and means of performance and the ability to discharge without incurring liability. Minn.R. 3315.0555, subpt. 1 (1993); *Speaks, Inc. v. Jensen,* 309 Minn. 48, 50, 243 N.W.2d 142, 144 (1976). However, it is the *right* to control, rather than the exercise of that right, that is determinative. *Burman Co. v. Zahler,* 286 Minn. 400, 411, 178 N.W.2d 234, 241 (1970); *Christopherson v. Security State Bank of Oklee,* 256 Minn. 191, 194, 97 N.W.2d 649, 651 (1959).

> [W]hether the parties have entered into a contract defining their relationship is not determinative.

*Wise v. Denesen Insulation Co.,* 387 N.W.2d 477, 479–80 (Minn.App.1986).

The Commissioner's representative found that Moore Associates had the right to control the means and manner of performance by the registered real property appraisers and, moreover, exercised that right. As determined by the Commissioner's representative, by law the residential real property appraisers were not authorized to do federal appraisals or complex appraisals without being under the direct supervision of a licensed, certified appraiser.

The claim by Irene Moore that she signed the "supervisory appraiser" designation on the federal appraisal forms as a "formality" begs the question. Certification of the federal appraisal forms requires supervisory appraisers to have control over the work done by a registered appraiser. Moore Associates accepted the federal appraisal orders and therefore acquiesced to the right to supervise as required by the federal appraisal guidelines. Taken with the evidence on the record, existence of an independent contractor agreement between the parties is not dispositive.

■ 2. Moore Associates argues that the findings of the Commissioner's representative are not supported by substantial evidence. Based on the factors that distinguish an employee from an independent contractor, Moore Associates contends that the record fails to support the findings required for a determination of an employment relationship and, thus, the Commissioner's decision is arbitrary and capricious.

"Employment" means any service performed by

> any individual who is a servant under the law of master and servant or who performs such services for any employing unit, unless such services are performed by an independent contractor.

Minn.Stat. § 268.04, subd. 12(1)(d) (1994).

■ The court distinguishes independent contractors from employees in a master-servant relationship. *Speaks, Inc.,* 309 Minn. at 50, 243 N.W.2d at 144. In reaching that determination, several factors should be considered:

> (1) The right to control the means and manner of performance; (2) the mode of payment; (3) the furnishing of material or tools; (4) the control of the premises

394

where the work is done; and (5) the right of the employer to discharge. *Id.* (quoting *Guhlke v. Roberts Truck Lines,* 268 Minn. 141, 143, 128 N.W.2d 324, 326 (1964)); *LeGrand Supper Club v. Seline,* 348 N.W.2d 805, 807 (Minn.App.1984); *see also* Minn.R. 3315.0555, subpt. 2 (1993). In determining whether the employer has "control," the Minnesota Rules set forth 13 additional factors for the court to consider. *See* Minn.R. 3315.0555, subpt. 3 (1993).

Upon consideration of the above factors, the Commissioner's representative found that Moore Associates had the right to control the real property appraisers, and therefore an employment relationship existed.

On review of the record before us, we conclude that the finding of the Commissioner's representative is supported by substantial evidence. As determined in the foregoing section, in completing federal appraisals, which the real property appraisers were largely assigned to do, Moore Associates was required to have the right of control. Moore Associates accepted the federal appraisal assignments and, moreover, completed the signatory line on the forms, thereby exercising control over the means and manner of performance of the work of the registered appraisers.

In addition to the right of control, the Commissioner's representative made additional findings to support the conclusion that an employment relationship existed: Moore Associates negotiated the fee that the appraisers were paid; the appraisers could not independently assign a substitute to complete their projects; two of the appraisers worked exclusively for relator, and one also worked as a licensed real estate agent for others; the appraisers did not profit or experience a loss from the business; the appraisers had no substantial investment in the business; the appraisers did not hold themselves out to the public as appraisers; Moore Associates furnished the use of phones and copy machines without charge; and Moore Associates determined whether to pay travel expenses.

■ We note that there are some factors which could support a conclusion of independent contractor status. However, these facts do not compel that conclusion. We agree that the Commissioner's representative focused on the certification, which required direct supervision to complete federal appraisals; nonetheless, the Commissioner points to a great many other factors to support the conclusion that an employment relationship existed. Given the remedial purpose of the reemployment insurance statute, broad interpretation in favor of awarding benefits is preferred. *Smith v. Employers' Overload Co.,* 314 N.W.2d 220, 221–22 (Minn.1981). We conclude, therefore, that the Commissioner's determination that an employment relationship existed between Moore Associates and the registered real property appraisers is supported by substantial evidence.

### DECISION

**Affirmed.**