**HOUGH TRANSIT, LTD., Relator,**

v.

**COMMISSIONER OF JOBS AND TRAINING, Respondent.**

No. C4–86–2203.

Court of Appeals of Minnesota.

July 7, 1987.

Jeffrey R. Hannig, Gunhus; Grinnell, Klinger, Swenson, and Guy, Moorhead, for relator.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## MEMORANDUM OPINION

SEDGWICK, Judge.

### FACTS

James Hough is the president, sole director and 100% stockholder of Hough Transit Limited, a Minnesota corporation which owns and leases trucks for the transportation of milk from dairy farms to creameries. A more complete description

of Hough Transit's business is set forth in *Hough Transit, Ltd. v. Harig*, 373 N.W.2d 327 (Minn.Ct.App.1985).

Hough runs the corporation himself, and he occasionally fills in as a truck driver if needed. He pays himself a draw of $2,000 per month, and at the end of each year, he settles the corporation's accounts and takes two to three percent of the company's gross earnings. Hough alone determines the amount of that annual adjustment; he is subject to no one's authority or control regarding his salary or any other matters.

In *Hough Transit*, this court determined that Hough's milk truck drivers were independent contractors, and not employees subject to this State's unemployment compensation laws. The *Hough* opinion also noted that the Commissioner's representative had determined that the wages of James Hough himself were subject to unemployment compensation taxes, even though the initial determination of liability by the Department of Jobs and Training had only addressed the question of liability for the truck drivers' wages. This court therefore concluded:

> The * * * representative's determination that James Hough's wages were subject to unemployment tax violated due process.

*Id.* at 333.

The Department of Jobs and Training thereupon issued a determination that Hough Transit is liable for taxes on James Hough's wages, and Hough Transit received proper notification of that determination. The corporation appealed, contending that James Hough is not an "employee" of the corporation; thus, his wages should not be taxed for unemployment compensation purposes. Ultimately, a Commissioner's representative upheld the initial determination, and Hough Transit has appealed.

## DECISION

 Minn.Stat. § 268.04, subd. 12(1) (1986) states:

> "Employment" means: (1) Subject to the other provisions of this subdivision "employment" means service performed

* * * by an individual who is a servant under the law of master and servant or who performs services for any employing unit, unless such services are performed by an independent contractor.

> The term "employment" shall include: Any service performed, including service in interstate commerce, by;

> (a) any officer of any corporation * *.

The Commissioner's representative found that James Hough is an officer of Hough Transit, a corporation, and that Hough performs services for the corporation. Under our limited scope of review, we must defer to the Commissioner's findings. *See White v. Metropolitan Medical Center*, 332 N.W.2d 25 (Minn.1983).

 Relator cites workers' compensation cases which have interpreted similar statutory definitions of "employee." We do not consider those cases dispositive, since we believe the language of the statute in this case is clear. Since James Hough is an officer of a corporation and performs services for the corporation, he is engaged in "employment," and his wages are subject to taxation for unemployment compensation purposes.

Affirmed.